BLAIR AUTO COMPANY, INC. v. OSCAR McLAIN AND WIFE, NORA McLAIN

No. 7012DC55

(Filed 1 April 1970)

**1. Process § 1— service of process — jurisdiction**

Service of process, unless waived, is a jurisdictional requirement.

**2. Judgments §§ 14, 20— setting aside default judgment — nonservice of process**

Where the summons and complaint were not served on defendant, the default judgment entered in the action was void, and the proper procedure to attack it was by motion in the cause.

**3. Trial § 18; Judgments § 34— setting aside judgment — motion in the cause — questions of fact**

A motion in the cause to set aside a judgment presents questions of fact and not issues of fact; and it is for the court to hear the evidence, find the facts, and render judgment.

**4. Judgments § 34— setting aside default judgment — motion in the cause — sufficiency of evidence**

On motion in the cause to set aside a default judgment on the ground that the summons had never been served on the movant, trial court's finding that the movant had been properly served with process *held* supported by the evidence.

APPEAL by defendant, Nora McLain, from *Herring, District Judge,* at the 25 August 1969 Session of CUMBERLAND County District Court.

On 26 January 1967 plaintiff instituted suit against Oscar McLain and wife, Nora McLain to recover a sum alleged to be due on an account. The sheriff's return on the summons shows that personal service was made on Oscar McLain and Nora McLain on 27 January 1967. On 11 April 1967 judgment by default final was entered against the defendants, the court finding that personal service had been made on the defendants on 27 January 1967 and that no answer or other pleadings had been filed by the defendants.

On 9 June 1969 Nora McLain filed a motion in the cause in which she alleged that the summons had never been served on her. She asked that the judgment against her be set aside and that she be allowed a reasonable time to file answer. It appears that Oscar McLain died on 13 September 1968.

A hearing on this motion was held in the District Court of Cumberland County on 25 August 1969. The parties offered evidence to support their respective contentions relating to whether Nora Mc-

Lain was served with process. From an order determining that there was legal service of process of Nora McLain on 27 January 1967 and denying her motion to set aside the judgment, the defendant appeals.

*Williford, Person and Canady by N. H. Person for plaintiff appellee.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson, Jr., for defendant appellant.*

VAUGHN, J.

**[1-3]** Service of process, unless waived, is a jurisdictional requirement. If the summons and complaint were not served on defendant, the default judgment dated 11 April 1967 is void, and the proper procedure to attack it was by motion in the cause. *Kleinfeldt v. Shoney's, Inc.,* 257 N.C. 791, 127 S.E. 2d 573. A motion in the cause to set aside a judgment presents questions of fact and not issues of fact, and it is for the court to hear the evidence, find the facts, and render judgment. 7 Strong, N.C. Index 2d, Trial, § 18, p. 286. The facts found when supported by competent evidence, are conclusive. *Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364. The following language from *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239 is pertinent here:

> "When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. *Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Smathers v. Sprouse,* 144 N.C. 637, 57 S.E. 392. Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, *the officer's return is* evidence upon which the court *may* base a finding that service was made as shown by the return. *Downing v. White, supra; Long v. Rockingham,* 187 N.C. 199, 121 S.E. 461; G.S. 1-592.

> "Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not 'be lightly set aside.' *Burlinghan v. Canady,* 156 N.C. 177, 72 S.E. 324; *Mason v. Miles,* 63 N.C. 564; *Hunter v. Kirk,* 11 N.C. 277."

**[4]** The evidence in the present case was contradictory. There is evidence in the record which would have sustained a finding that

Nora McLain was not served with process. On the other hand, there is competent evidence in the record on which the judge could properly base each of his separately numbered findings of fact and his determination that she was served with process. The credibility of the witnesses and the weight of the evidence was for determination by the trial judge in discharging his duty to find the facts. *Harrington v. Rice, supra.* The facts found are sufficient to sustain the order entered.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.