JEANETTE HILTON, FORMERLY JEANETTE HOWINGTON v. JIMMY EARL HOWINGTON

No. 8210SC692

(Filed 6 September 1983)

**1. Divorce and Alimony § 24.4— child support—finding of willful refusal to comply with order—supported by evidence**

    In a civil action to collect arrearages in child support, the trial court erred in finding defendant in contempt for willful refusal to comply with an order to

pay support since there was no evidence to show that defendant or his attorney were ever made aware of the order in which defendant was required to pay child support.

**2. Rules of Civil Procedure § 60— relief from dismissal of previous action — entry of new order proper**

Where an action for child support was dismissed because of the failure of plaintiff's attorney to draft an order within the time required by the trial judge, and not because either party made a Rule 41 motion, and where an order for child support was not entered until after the court had set aside the dismissal of the previous action, the order for child support was valid. There was no evidence that the trial judge abused his discretion by setting aside the dismissal pursuant to G.S. 1A-1, Rule 60(b).

APPEAL by defendant from *Bullock, Judge.* Order entered 8 March 1982 in District Court, WAKE County. Heard in the Court of Appeals 11 May 1983.

This is a civil action wherein plaintiff wife seeks to collect arrearages in child support due her from the defendant husband. The parties, who are now divorced, signed a consent order in 1974 in which they agreed upon the custody of the four minor children born of the marriage and the amount of child support to be paid by defendant to plaintiff for the children in her custody.

In July 1980, plaintiff filed a motion in the cause seeking arrearages and a modification of the consent order with respect to custody and child support. Subsequently, defendant filed a motion in the cause requesting his own modification of the consent order. A hearing was held on 29 December 1980 on both motions with the parties and their counsel present. No order or judgment was entered on that date. On 17 February 1981, Judge Bullock mailed a notice to plaintiff's attorney informing him that the order in the case had been due 5 January 1981, and inquiring as to why the order had not yet been entered. On 12 March 1981, Judge Bullock signed an order of dismissal of the action because of the failure of plaintiff's attorney to draft an order within the time required.

On 11 June 1981 at a hearing before Judge Bullock, plaintiff's attorney orally moved that the court set aside the dismissal. Judge Bullock granted the motion and signed an order modifying the award of custody and the amount of child support to be paid by defendant. On 29 June 1981, Judge Bullock ordered that the dismissal of the action be set aside and that the 11 June 1981 order be entered.

On 1 February 1982, plaintiff filed a motion and affidavit requesting that the court issue an order requiring the defendant to appear and show cause why he should not be held in contempt for failure to comply with the 11 June 1981 order. The defendant was duly served and appeared at a hearing on the matter at which he admitted he had not made the child support payments per the order of 11 June 1981. On 8 March 1982, Judge Bullock found defendant to be in contempt and ordered him into custody for 30 days and until he purged himself of contempt by paying the child support arrearages of $2,885.72. From the order dated 8 March 1982, defendant appealed.

*Brenton D. Adams, for defendant appellant.*

*Farris, Thomas & Farris, by Thomas J. Farris, for plaintiff appellee.*

JOHNSON, Judge.

[1] Defendant presents four assignments of error to support his contentions that the court erred in finding him in contempt for violating the 11 June 1981 order, and that the order of 8 March 1982 should be reversed. First, defendant argues the findings of fact and conclusions of law of the 8 March 1982 order were not supported by sufficient evidence. More specifically, defendant claims finding of fact number 8 which states, "that the Defendant's failure to make his payments are ordered by this Court has been willful and without legal justification," is not supported by the evidence. For the reasons that follow, we agree with defendant.

It appears from the record that following the hearing on 29 December 1980, the court took the matter under advisement. Sometime after the hearing but presumably before 5 January 1981, the court rendered a decision and instructed plaintiff's attorney to draft an order to be entered by 5 January. There is nothing in the record to indicate that the court rendered an oral judgment at the hearing or that defendant or his attorney were ever notified as to whether defendant was to pay child support, in what amount, or under what circumstances. In fact, the record is devoid of any indication as to exactly when the court rendered its decision. Defendant testified that he later learned from his at-

torney that the court had modified the award of custody but claims nothing was said about child support.

Next, it appears defendant's attorney was notified that the action had been dismissed for the failure of plaintiff's attorney to draft an order within the time required. The evidence tends to show that defendant was not aware that any orders were issued by the court in the case until he was served with the order to show cause in February 1982. There is no evidence to show that defendant or his attorney were ever notified of plaintiff's motion to set aside the dismissal or the court orders of 11 June and 29 June 1981. Defendant could not willfully refuse to comply with an order of which he was not aware. Therefore, the court erred in making finding of fact number 8 and in finding defendant in contempt. Thus, the court's order must be reversed.

Although defendant could not be held in contempt until he received notice of the June 1981 order, the order itself is still valid and defendant is still obligated to make the payments from the date ordered by the court. In the 11 June 1981 order, the court decreed that the defendant must pay $460 per month for child support beginning 1 January 1981 and on the first day of every month thereafter. Therefore, defendant must pay the child support that was due on 1 January 1981 and every month thereafter. If he has not yet done so, the appropriate remedy for plaintiff is to file a new motion in the cause seeking these arrearages.

[2] Defendant also assigns as error the court's issuance of the 11 June 1981 order when the action had previously been dismissed. He mistakenly argues that since plaintiff's action had been dismissed pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, no valid order could be made thereafter in the case. *See Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). To begin with, plaintiff's action was not dismissed pursuant to Rule 41, rather it was dismissed pursuant to the court's inherent power to perform its judicial functions. As the terms of the order clearly indicate, the action was dismissed because of the failure of plaintiff's attorney to draft the order within the time required, and not because either party made a Rule 41 motion.[1]

---

1. In our opinion, the court may have unnecessarily dismissed the action. The more appropriate remedy for the court in a situation such as this, would be for the court to exercise its contempt powers relative to the attorney to secure compliance

Furthermore, the order dated 11 June 1981 was not based on a dismissed action. This order was not entered until after the court set aside the dismissal on 29 June 1981. Once the dismissal was set aside, a valid order could again be entered in the action. Thus, the 11 June 1981 order is valid. It is also clear Judge Bullock had the power to set aside the dismissal as G.S. 1A-1, Rule 60(b) authorizes the court to relieve a party from a final judgment, order or proceeding for any reason justifying relief from the operation of the judgment. G.S. 1A-1, Rule 60(b)(6). A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). There is no evidence that Judge Bullock abused his discretion in this matter, thus, we must uphold his decision.

We have considered defendant's remaining assignments of error and found them to be without merit. Because of this and the fact that it appears unlikely that the alleged errors will occur again, we do not feel it is necessary to discuss them. The order of the court below dated 8 March 1982 is

Reversed.

Judges HILL and PHILLIPS concur.

with the court's order directing counsel to draft and present the order. Litigants should not be so drastically and summarily penalized for the easily correctable oversight of their lawyers.