J&M AIRCRAFT MOBILE T-HANGAR, INC., DERYL PERRY, AND JUDY PERRY, PLAINTIFFS v. JOHNSTON COUNTY AIRPORT AUTHORITY, NORMAN B. GRANTHAM, AND ROYAL H. DICKSON, JR., DEFENDANTS

No. COA03-1202

(Filed 19 October 2004)

**1. Injunctions— preliminary—failure to demonstrate irreparable harm**

The trial court did not abuse its discretion by denying plaintiff company's motion for a preliminary injunction barring execution of a North Carolina default judgment based on alleged

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

insufficiency of service because, even if plaintiff can prove that it had no actual notice of the first complaint in a prior action thus giving it a reasonable chance of prevailing on the merits of its Rule 60 motion to set aside the default judgment, defendant did not demonstrate irreparable harm since the Georgia action to collect on the original North Carolina default judgment was stayed pending the outcome of this action.

## 2. Process and Service— sufficiency of service of process— Rule 60 motion

The trial court erred by granting defendant airport authority's motion to dismiss plaintiff company's complaint seeking to set aside a prior default judgment based on plaintiff's alleged failure to file this action within a reasonable time as required by N.C.G.S. § 1A-1, Rule 60(b)(4) because, construing the complaint liberally and taking all the facts as alleged, the complaint does assert a valid Rule 60 claim in that the judgment would be void if plaintiff was never properly served.

Judge GEER concurring in part and dissenting in part.

Appeal by plaintiff from order entered 11 July 2003 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 19 May 2004.

*James T. Johnson, P.A., by James T. Johnson for plaintiffs-appellants.*

*J. Mark Payne for the defendant-appellees.*

ELMORE, Judge.

The first civil action in this case was filed 5 September 2001 in Johnston County, North Carolina. The action concerned airplane hangars which J&M Aircraft Mobile T-Hangar, Inc. (J&M) constructed at the Johnston County Airport, but were never paid for. The Airport Authority was responsible for making sure each of the airlines paid J&M for their individual hangars, and in return the Airport Authority was to earn a commission. The commission agreed upon was $1,000.00 for each of 40 hangars. J&M apparently never received full payment for the hangars and, in return, J&M never paid the Airport Authority their commission. The Airport Authority sued for the commission.

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

The plaintiff therein (the Airport Authority) attempted service on the defendant (J&M), a Georgia corporation, at its office in Georgia. J&M claimed it never received service, and that someone who works in the building where its office is located but does not work for J&M signed the receipt. The signature is apparently indecipherable. J&M was not aware of that action until well after the default judgment was entered against it. The default judgment awarded plaintiffs $37,000.00 plus 8% interest from 15 February 1999 until paid.

J&M learned of the default judgment when it was served with a complaint filed in Georgia attempting to enforce collection of the North Carolina default judgment. J&M and the Perrys, owners and employees of J&M, attempted to attack the North Carolina judgment in the Georgia court, claiming North Carolina had no jurisdiction. J&M's attorney requested a protective order and an injunction, which was denied by the Georgia trial court. The Georgia trial court then stayed the action in Georgia to allow J&M to attack the North Carolina judgment in North Carolina.

J&M attempted to obtain counsel in North Carolina but eventually filed a *pro se* complaint which was later amended when it retained counsel. The complaint included a Rule 60 motion to set aside the prior North Carolina default judgment. The complaint also moved the trial court for temporary, preliminary, and permanent injunctive relief to stay the enforcement of the judgment.

The North Carolina court ordered a temporary restraining order against the Airport Authority in June of 2003. Later that month, the trial court heard the motion for an injunction. The trial court denied the motion and granted the defendant's motion to dismiss, concluding as a matter of law that the service in the original action was sufficient under N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)c. The trial court said that J&M failed to bring evidence to overcome the presumption of valid service. The trial court found the default judgment valid, and found no grounds for continuing the stay of the Georgia action.

From that denial of the Rule 60 motion and motion for injunction, and the granting of the motion to dismiss, J&M appeals.

I.

**[1]** J&M first assigns error to the trial court's denial of the motion for preliminary injunction, arguing that the appellants are reasonably likely to have prevailed on the merits and that appellants will suffer irreparable harm if the injunction is not issued.

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

The scope of appellate review in the granting or denying of a preliminary injunction is essentially *de novo*. An appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself. *Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 320 S.E.2d 693, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 559 (1984).

As a general rule, a preliminary injunction is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation:

> It will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759-60 (1983).

The order denying the injunction contains findings of fact which tend to focus on the sufficiency of service. The trial court concluded as a matter of law that regardless of the sufficiency or insufficiency of process that the defendant did not file his Rule 60 motion "within a reasonable time" pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2003). The record shows that J&M was aware and in possession of the complaint and default judgment in February 2002, and did not file the current action until 15 months later—19 months after the filing of the default judgment. The trial court concluded as a matter of law that "15 months is not a reasonable time for filing this action, particularly in light of the fact that the delay may materially affect the Airport's ability to pursue its claim were the Default Judgment to be set aside," citing *Howard v. Williams*, 40 N.C. App. 575, 253 S.E.2d 571 (1979).

A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975); *Hilton v. Howington*, 63 N.C. App. 717, 306 S.E.2d 196 (1983), *disc. review denied*, 310 N.C. 152, 311 S.E.2d 291 (1984). While motions pursuant to subsections (b)(1), (b)(2), and (b)(3) of this rule must be made "not more than one year after the judgment, order, or proceeding was entered or taken," as well as "within a reasonable time," motions pursuant to subsections

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

(b)(4), (b)(5), and (b)(6) of this rule must simply be made "within a reasonable time," and what constitutes a "reasonable time" depends upon the circumstances of the individual case. *Nickels v. Nickels*, 51 N.C. App. 690, 277 S.E.2d 577, *disc. review denied*, 303 N.C. 545, 281 S.E.2d 392-93 (1981).

We note that J&M immediately retained counsel, tried to attack the judgment in Georgia, obtained a stay in Georgia in order to attack the judgment in North Carolina, and filed the Rule 60 motion within 15 months of having notice for the first time that there was a $37,000.00 judgment against it. If J&M can prove that it had no actual notice of the first complaint, then it has a reasonable chance of prevailing on the merits of the Rule 60 motion.

However, reasonable time notwithstanding, a party is also required to demonstrate irreparable harm. Here, defendant did not demonstrate irreparable harm since the Georgia action to collect on the original North Carolina default judgment was stayed pending the outcome of this action. The trial court did not err in denying the motion for injunctive relief, because irreparable harm was not shown.

II.

[2] J&M also assigns error to the trial court's decision to grant the motion to dismiss, arguing that its amended complaint stated a claim upon which relief could be granted.

The essential question on a motion for Rule 12(b)(6) is whether the complaint, when liberally construed, states a claim upon which relief can be granted on any theory. *Barnaby v. Boardman*, 70 N.C. App. 299, 318 S.E.2d 907 (1984), *rev'd on other grounds*, 313 N.C. 565, 330 S.E.2d 600 (1985). The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 461 S.E.2d 13 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996).

Our standard of review is whether, construing the complaint liberally, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *Country Club of Johnston Cty., Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 563 S.E.2d 269 (2002).

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

In this case, the trial court concluded as a matter of law:

14. Finding that plaintiff [J&M] failed to file this action within a reasonable time as required by N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), the Court finds that Plaintiff J&M has failed to state any grounds upon which a claim may be based and, therefore, Defendant Airport's Motion to Dismiss should be granted.

15. The Court further finds that the proper action to set aside a Judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) is a motion in the cause and that a separate action has been filed in this matter is unsupported in law and may be dismissed on those grounds in addition to those other grounds set out above.

The verified amended complaint stated:

1. This is a civil action pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to set aside that particular judgment obtained by Defendant . . . on November 2, 2001 in a previously filed Johnston County civil action, file number 01 CVS 2306 (this prior action is hereinafter referred to as "the prior civil action" and the November 2, 2001 judgment obtained therein is herinafter referred to as "the prior judgment" . . .). J&M was never served with the summons and complaint in the prior civil action, yet the Airport Authority represented to the Court that the summons and complaint had been served. Therefore the prior judgment should be set aside as void and as a result of a fraud upon the Court. If the prior judgment is set aside, J&M will defend the prior action on its merits.

Construing the complaint liberally, and taking all the facts as alleged, the complaint does assert a valid Rule 60 claim in that the judgment would be void if the defendant were never properly served. If the Rule 60 motion was made within a reasonable time, which we hold that it was, then the trial court erred in dismissing the action for failure to state a claim upon which relief may be granted.

We reverse the trial court and remand for further proceedings.

Reversed and remanded.

Judge BRYANT concurs.

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

Judge GEER concurs in the result in part and dissents in part by separate opinion.

GEER, Judge, concurring in the result in part and dissenting in part.

I differ from the majority because I believe that plaintiff J&M Aircraft Mobile T-Hangar, Inc. ("J&M") could only seek to set aside the default judgment by a motion in the original action brought by Johnston County Airport Authority (the "Airport Authority") and not through an independent action. Nevertheless, the trial court could, as it did, treat the action as a Rule 60(b) motion. Since, however, a motion to dismiss can only be filed as to a complaint, a counterclaim, or a cross-claim, principles governing motions to dismiss are not applicable to a motion under Rule 60(b) and, for that reason, I cannot fully concur in the majority opinion. I do agree, however, that the trial court's order granting the motion to dismiss should be reversed and the matter remanded for further proceedings.

### Independent Action

In *Hassell v. Wilson*, 301 N.C. 307, 272 S.E.2d 77 (1980), the Supreme Court explained when an independent action is permissible and when a challenge must be by motion:

> Rule 60 provides for an attack on a judgment void because of lack of personal jurisdiction by way of motion in the cause or independent action. But which method must be used depends upon whether the jurisdictional defect appears on the face of the record. If the officer's return of process shows that service was duly made upon the party over which personal jurisdiction was required, then that party may attack the proceeding only by a motion in the cause; but if a defect in the service of process appears on the face of the return itself, the prior proceeding may be attacked either by motion in the cause or by an independent action.

*Id.* at 311-12, 272 S.E.2d at 80. Here, no defect of service appears on the face of the record; J&M could not establish a lack of service without filing affidavits. Accordingly, under *Hassell*, J&M was required to proceed by filing a Rule 60(b)(4) motion in the original lawsuit.

The fact that J&M filed instead an independent action is not necessarily fatal. The Supreme Court has also recognized that a

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

trial court may treat an independent action as if it were a motion in the cause:

> Plaintiffs, in their second cause of action, seek to attack the former judgment by independent action rather than by a motion in the original cause. On the facts alleged[,] their remedy, if any, is by motion in the cause. The court below, rather than dismiss, treated it as such. This was permissible.

*Coker v. Coker*, 224 N.C. 450, 451-52, 31 S.E.2d 364, 365 (1944) (internal citations omitted).

The trial court below properly stated, under the circumstances of this case, "that the proper action to set aside a Judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) is a motion in the cause and that a separate action has been filed in this matter is unsupported in law and may be dismissed on those grounds in addition to those other grounds set out above." Despite this conclusion, the court resolved the merits of the Rule 60(b)(4) claim; it thus necessarily treated the complaint as a motion in the cause. I believe that it would serve no purpose to affirm the trial court's dismissal based on the fact that this is an improper independent challenge to the judgment when J&M would still be entitled to file a motion in the cause and the issues would all have to be addressed in any event. As explained below, the Airport Authority would not be able to argue that the passage of time barred the motion.

I would, however, dismiss the claims brought by plaintiffs Deryl Perry and Judy Perry and the claims asserted against defendants Norman B. Grantham and Royal H. Dickens, Jr. Plaintiffs only seek to set aside the default judgment in the Airport Authority action and to obtain an injunction barring execution on that judgment. The only parties to the default judgment are the Airport Authority and J&M. Since I would deem this action to be a motion in the cause, the parties would again be limited to the Airport Authority and J&M. I believe the claims of Deryl Perry and Judy Perry and the claims against Grantham and Dickens should be dismissed. To this extent, I would affirm the trial court.

### Timeliness of Claim

The trial court's conclusion that a Rule 60(b)(4) motion must be made within a reasonable time and that the motion to dismiss should be granted because J&M was dilatory in filing its action is contrary to the law. "Service of process, unless waived, is a jurisdictional require-

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

ment. If the summons and complaint were not served on defendant, the default judgment . . . is void . . . ." *Blair Auto Co. v. McLain*, 7 N.C. App. 567, 568, 173 S.E.2d 45, 46 (1970). If J&M is correct that it was not served with the Airport Authority's summons and complaint, then the trial court in that action lacked jurisdiction over J&M and the default judgment is void. Our courts have repeatedly held that "because a void judgment is a legal nullity, it may be attacked at any time." *Freeman v. Freeman*, 155 N.C. App. 603, 606, 573 S.E.2d 708, 711 (2002), *disc. review denied*, 357 N.C. 250, 582 S.E.2d 32 (2003). *See also Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689, 567 S.E.2d 179, 184 (2002) (when orders were entered without personal jurisdiction over defendants, they were void and could be attacked at any time). J&M was, therefore, entitled to move under Rule 60(b)(4) "at any time" to set aside the default judgment on the grounds of lack of service. The trial court erred in concluding that J&M was dilatory and the Rule 60(b)(4) claim untimely.

### Rebuttal of the Presumption of Service

The trial court also concluded that dismissal was justified because "[t]he record demonstrates no evidence other than a denial of service by the entity subject to the Default Judgment. Therefore, the evidence presented by J & M fails to overcome the presumption of valid service by failure to provide any independent evidence that service was not made." I believe that this assertion—a mixed statement of fact and law—is neither supported by competent evidence nor a correct application of the law.

The trial court correctly noted that the affidavit of the Airport Authority's counsel in the original action was sufficient to raise a presumption of valid service:

Under N.C.G.S. § 1A-1, Rule 4(j2)(2) (2001), a party who seeks a default judgment "shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. [§] 1-75.10(4)[.]" Rule 4(j2)(2) further provides that the affidavit, when accompanied by the postal delivery receipt signed by the person who received the summons, "raises a presumption that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" Regarding this provision, this Court has long held that the provision in [Rule 4(j2)] . . . contemplates merely that the registered or certified mail be delivered to the address of the party to be served

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee. *A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service.*

*Granville Med. Ctr. v. Tipton,* 160 N.C. App. 484, 490-91, 586 S.E.2d 791, 796 (2003) (emphasis added; internal quotation marks omitted). Here, the Airport Authority attempted to serve J&M by certified mail, return receipt requested, and its counsel filed an affidavit including the information required by N.C. Gen. Stat. § 1-75.10(4) (2003) (setting forth the method for proof of service) and attaching the return receipt indicating delivery to J&M's address. This evidence was sufficient to raise a rebuttable presumption of valid service.

The question before the trial court was whether J&M produced evidence to rebut that presumption. In *Granville,* cited by the Airport Authority, this Court held that

a defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons.

160 N.C. App. at 493, 586 S.E.2d at 797. The Court found the defendant's affidavit inadequate because it only alleged that the defendant had not employed a person with the same name as the person who signed the receipt, and "[c]onspicuously *absent* from defendant's affidavit is any allegation that he did not receive the summons, or did not receive notice of the suit." *Id.* at 493-94, 586 S.E.2d at 798.

In this case, the trial court inexplicably stated that the record contained no evidence other than a denial of service. In fact, J&M produced substantial evidence that it was not served. Its complaint was verified and asserts that the Airport Authority's "summons and complaint was never received by Judy Perry, Deryl Perry, or any agent or employee of J&M." In addition, J&M submitted the affidavits of each of its employees at the time of the purported service, including Deryl Perry (the president and sole shareholder of J&M), Judy Perry (the secretary and registered agent for J&M), employee David Perry, employee James Lane, and employee Robert Perry. Deryl Perry's affidavit establishes that J&M had no other employees during the pertinent time frame.

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

Each of the employees states that he or she did not receive the summons and complaint that was supposedly served. According to the affidavits, only Deryl and Judy Perry were allowed to sign for delivery of papers on behalf of J&M, and, in October 2001, the other employees would not have been working in the office and, therefore, would not have been available to sign for the delivery of any papers. Each affiant also states that he or she does not recognize the signature of the person who signed the return receipt and cannot identify the name on the receipt. Deryl Perry also filed a second affidavit that stated: "I did not receive a copy of the summons and complaint in the Johnston County lawsuit filed by the Johnston County Airport Authority . . . against J&M of which I am now aware the file number is 01 CVS 2306 . . . at any time in September, October or November 2001. No other employee or agent of J&M received a copy of the summons and complaint filed in the prior North Carolina action during this time."

Given the illegibility of the signature on the receipt, it is difficult to conceive of what additional evidence J&M could have produced to rebut the presumption. Through affidavits, it identified all of its employees, established that none of them signed the receipt or received the summons and complaint, and confirmed that J&M could not identify who signed the receipt. Since a court could reasonably conclude based on J&M's evidence that it was not served with the summons and complaint, that evidence was sufficient to rebut the presumption of service. *See* N.C. Gen. Stat. § 8C-1, Rule 301 (2003) (a party rebuts a presumption "by the introduction of evidence sufficient to permit reasonable minds to conclude that the presumed fact does not exist"). *See also In re Williams*, 149 N.C. App. 951, 959, 563 S.E.2d 202, 206 (2002) ("Respondent did not rebut this presumption by showing he never received the summons and complaint."); *Poole v. Hanover Brook, Inc.*, 34 N.C. App. 550, 555, 239 S.E.2d 479, 482 (1977) ("Defendant did not attempt to rebut this presumption by showing that he did not receive copies of the summons and complaint."), *disc. review denied*, 294 N.C. 183, 241 S.E.2d 518 (1978).

The trial court, however, found that J&M in fact admitted receiving the complaint:

The Brief [in the Georgia action] included an admission that the Complaint was delivered but not delivered to the registered agent nor served by personal service. The Brief contained the following language: "Sometime in 2000 a person other than

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

the agent for service as the Defendant received a certified letter at his residence. This letter was not addressed to the proper corporate agent and was not received by the corporate agent for service, merely *the letter was* simply *delivered.* [Emphasis added.] At no time did the Sheriff or Marshall or a certified recognized server deliver said service and process upon the Defendant."

(Emphasis original in trial court's order) Although it is unclear what J&M's Georgia counsel meant in the brief, this statement could not be an admission that J&M received the filed complaint. As the trial court's order acknowledges, the Airport Authority's complaint was filed on 1 September 2001. The summons would have been issued at the same time. The "letter" referenced in the brief was received "[s]ometime in 2000." That "letter" could not, therefore, have been the filed complaint and could not have included the summons as signed ·by the Clerk of Court. Whatever was included in "the letter" cannot support a finding of service. *Thomas & Howard Co. v. Trimark Catastrophe Servs., Inc.*, 151 N.C. App. 88, 91, 564 S.E.2d 569, 572 (2002) (mailing of summons and complaint prior to documents having been filed or signed by the Clerk of Court was not effective service). The trial court's finding that J&M in fact received the complaint is not supported by evidence.

In support of its conclusion that J&M has failed to rebut the presumption of valid service, the trial court relied upon *Steffey v. Mazza Constr. Group, Inc.*, 113 N.C. App. 538, 439 S.E.2d 241 (1994), *disc. review improvidently allowed*, 339 N.C. 734, 455 S.E.2d 155 (1995). *Steffey* did not, however, address the question before either the trial court or this Court. It considered only whether the plaintiff had met the requirements of Rule 4 sufficiently to give rise to the presumption of service in the first place. In *Steffey*, 113 N.C. App. at 540-41, 439 S.E.2d at 243, this Court rejected the City of Burlington's argument that service on a city is not valid under Rule 4 unless the mayor or city manager personally signs the return receipt. There was no contention in *Steffey* that the City had not received the summons and complaint; the City in fact timely moved to dismiss for insufficient service of process.

I would, therefore, hold that the trial court erred in concluding that J&M failed to rebut the presumption of service. Upon J&M's rebutting the presumption, the trial court was required to determine, based on all the evidence, whether J&M was in fact served with the Airport Authority's summons and complaint. *Cf.* N.C. Gen.

J&M AIRCRAFT MOBILE T-HANGAR, INC. v. JOHNSTON CTY. AIRPORT AUTH.

[166 N.C. App. 534 (2004)]

Stat. § 8C-1, Rule 301 ("When the burden of producing evidence to meet a presumption is satisfied, the court must instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact.").

In deciding that J&M had failed to rebut the presumption of service, the trial court did not consider all of the evidence, such as the affidavits. On a Rule 60(b)(4) motion, "[i]f there is 'competent evidence of record on both sides' of the Rule 60(b) motion, it is the duty of the trial court to evaluate such evidence . . . ." *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002) (quoting *Sawyer v. Goodman*, 63 N.C. App. 191, 193, 303 S.E.2d 632, 634, *disc. review denied*, 309 N.C. 823, 310 S.E.2d 352 (1983)), *disc. review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003).

The Airport Authority's affidavit of service is not conclusive, but rather must be weighed against J&M's affidavits and any other evidence presented by the parties. We observe that the affidavit of service asserts that J&M "was served through an agent of its Registered Agent," but the record does not currently contain any indication that the affiant has personal knowledge that the person who signed the receipt was an agent of Judy Perry, J&M's Registered Agent.[1] Because, however, the Airport Authority filed a motion to dismiss and relied upon only the presumption of service, it has not had an opportunity to produce evidence that service was valid. Upon remand, the trial court has the responsibility of determining the credibility of the witnesses and the weight of the evidence. *Blair Auto Co.*, 7 N.C. App. at 569, 173 S.E.2d at 46 (with respect to a motion to set aside a default judgment for lack of service, "[t]he credibility of the witnesses and the weight of the evidence was for determination by the trial judge in discharging his duty to find the facts").

## Preliminary Injunction

With respect to the preliminary injunction, I agree with the majority that J&M has failed to demonstrate irreparable injury, but I reach this conclusion for different reasons. The majority opinion concludes that J&M failed to demonstrate irreparable harm because the Georgia execution proceedings were stayed pending the outcome of this case.

---

1. By way of comparison, in *Lemon v. Combs*, 164 N.C. App. 615, 596 S.E.2d 344, 346 (2004), the plaintiff presented not only the deputy sheriff's return of service (necessarily based on personal knowledge) attesting that he had personally served Sean Combs, but also submitted affidavits of the deputy sheriff and two other witnesses to the service.

I read the Georgia order differently. The order stays enforcement of the North Carolina judgment "until such time as all available appeals or actions in North Carolina are concluded or until the stay is terminated by another provision of this Order." A subsequent paragraph of the order provides (emphasis added): "The stay provided herein shall terminate and the other provisions hereof shall take effect upon the unsuccessful conclusion of the appeal or action to set aside in North Carolina *or the expiration or vacation of the stay in the North Carolina court* . . . ." The trial court's order in this case terminates the temporary restraining order and "orders that any and all stays of the Georgia action are hereby terminated and vacated." Subsequently, the trial court denied J&M's motion for a stay pending appeal and this Court denied the petition for writ of supersedeas. Because the stay in Georgia was contingent on an injunction here, I do not believe that the Georgia stay demonstrates a lack of irreparable harm.

It is, however, well established that:

[t]he applicant for a preliminary injunction has the burden of proving the probability of substantial injury to the applicant if the activity of which it complains continues to the final determination of the action. It is not enough that a plaintiff merely allege irreparable injury. Rather, "[t]he applicant is required to set out with particularity facts supporting such statements so the court can decide for itself if irreparable injury will occur."

*Town of Knightdale v. Vaughn*, 95 N.C. App. 649, 651, 383 S.E.2d 460, 461 (1989) (internal citation omitted; quoting *United Tel. Co. of Carolina, Inc. v. Universal Plastics, Inc.*, 287 N.C. 232, 236, 214 S.E.2d 49, 52 (1975)). In this case, J&M bases its claim of irreparable injury solely on an allegation in the verified complaint that J&M would suffer "immediate and irreparable harm in the form of loss of property, damage to credit ratings and damage to the plaintiff's earning capacity." This allegation, even though verified, does not provide the particularity necessary to support a finding of irreparable injury. I, therefore, agree that the trial court properly denied the motion for a preliminary injunction.