IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-306

 No. COA20-550

 Filed 6 July 2021

 Iredell County, No. 06 CRS 55851

 STATE OF NORTH CAROLINA

 v.

 O.C. BILLINGS

 Appeal by defendant from order entered 2 March 2020 by Judge Joseph N.

 Crosswhite in Iredell County Superior Court. Heard in the Court of Appeals 27 April

 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Sonya
 Calloway-Durham, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for defendant-appellant.

 ZACHARY, Judge.

¶1 Defendant O.C. Billings appeals from the trial court’s order continuing his

 enrollment in satellite-based monitoring following our Supreme Court’s opinion in

 State v. Grady (“Grady III”), 372 N.C. 509, 831 S.E.2d 542 (2019). After careful

 review, we vacate the trial court’s order.

 Background

¶2 On 28 September 2006, Defendant pleaded guilty to 14 counts of taking
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 indecent liberties with a child, and was sentenced to 31 to 38 months of

 imprisonment.

¶3 Thereafter, the General Assembly established the state’s satellite-based

 monitoring program for sex offenders. See generally N.C. Gen. Stat. § 14-208.40 et

 seq. (2019); see also 2007 N.C. Sess. Laws 340, 340–48, ch. 213. The program classifies

 sex offenders into several different categories, among them the category of “recidivist”

 as defined by § 14-208.6(2b). N.C. Gen. Stat. § 14-208.40(a)(1). If a trial court finds

 that an offender is a recidivist, “the court shall order the offender to enroll in satellite-

 based monitoring for life.” Id. §§ 14-208.40A(c), -208.40B(c). On 29 April 2009,

 following a bring-back hearing pursuant to N.C. Gen. Stat. § 14-208.40B, the trial

 court classified Defendant as a recidivist and ordered him to enroll in satellite-based

 monitoring for the remainder of his natural life.

¶4 By opinion issued on 16 August 2019, our Supreme Court in Grady III

 considered both facial and as-applied challenges to the constitutionality of the state’s

 satellite-based program with respect to “individuals who are subject to mandatory

 lifetime [satellite-based monitoring] based solely on their status as a statutorily

 defined ‘recidivist’ who have completed their prison sentences and are no longer

 supervised by the State through probation, parole, or post-release supervision.” 372

 N.C. at 522, 831 S.E.2d at 553 (footnote omitted). The Court concluded that satellite-

 based monitoring is “unconstitutional as applied to all” such individuals. Id. at 511,
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 831 S.E.2d at 547.

¶5 Our Supreme Court recognized that “unsupervised individuals . . . , unlike

 probationers and parolees, are not on the continuum of possible criminal

 punishments and have no ongoing relationship with the State.” Id. at 531, 831 S.E.2d

 at 559–60 (citation and internal quotation marks omitted). As a result, for this class

 of unsupervised individuals, “constitutional privacy rights, including [their] Fourth

 Amendment expectations of privacy, have been restored.” Id. at 534, 831 S.E.2d at

 561. Among its reasons for concluding that the satellite-based program is

 unconstitutional as applied to this class of individuals, the Court observed that “the

 provisions governing recidivists present no opportunity for determinations by the

 court regarding what particular risk, if any, is posed by the individual and whether

 a particular duration of [satellite-based monitoring] will, in any meaningful way,

 serve the State’s interest in combating that risk.” Id. at 546, 831 S.E.2d at 569. The

 Court thus concluded that “the Fourth Amendment, which secures the privacies of

 life against arbitrary power and places obstacles in the way of a too permeating police

 surveillance, prohibits the mandatory imposition of lifetime [satellite-based

 monitoring] on this class of individuals.” Id. (citation and internal quotation marks

 omitted).

¶6 Accordingly, our Supreme Court fashioned a remedy for Mr. Grady and all

 similarly situated individuals that was “neither squarely facial nor as-applied.” Id.
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 The Court explained the facial aspects of its holding:

 [O]ur holding is facial in that it is not limited to [Mr.
 Grady]’s particular case but enjoins application of
 mandatory lifetime [satellite-based monitoring] to other
 unsupervised individuals when the [satellite-based
 monitoring] is authorized based solely on a “recidivist”
 finding that does not involve a sexually violent predator
 classification, an aggravated offense, or statutory rape or
 statutory sex offense with a victim under the age of
 thirteen by an adult.

 Id. at 547, 831 S.E.2d at 570.

¶7 The Department of Public Safety developed two lists of individuals whose

 enrollments in satellite-based monitoring were potentially affected by our Supreme

 Court’s opinion in Grady III.1 Defendant was named in one of those lists. On 26

 November 2019, the North Carolina Conference of District Attorneys circulated a

 “Best Practices” memo to all of the elected district attorneys in the state, providing

 guidance on how to conduct “Satellite[-]Based Monitoring Review Hearings” for the

 named individuals in light of Grady III. In accordance with this memo, the State

 scheduled a satellite-based monitoring review hearing in Defendant’s case. The

 parties stipulate that the State served Defendant with notice of the hearing, but did

 not file any written motion, application, or other pleading.

¶8 On 2 March 2020, Defendant’s satellite-based monitoring review came on for

 1 The criteria followed by the Department of Public Safety in the creation of these lists

 is not clear from the record.
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 hearing before the Honorable Joseph N. Crosswhite in Iredell County Superior Court.

 The State presented the trial court with a newly completed Static-99R risk

 assessment, which indicated that Defendant had a “Well Above Average Risk” of

 recidivism. The State also provided an overview of Defendant’s criminal record: the

 prosecutor described the 2006 incident that gave rise to the 14 charges to which

 Defendant pleaded guilty, the events surrounding Defendant’s separate 2004

 conviction for taking indecent liberties with children, and Defendant’s several other

 prior convictions for non-sexual offenses.

¶9 Following its presentation of evidence, the State requested that the trial court

 impose lifetime satellite-based monitoring on Defendant, asserting that the Supreme

 Court’s opinion in Grady III did not bar such in Defendant’s case:

 [THE STATE]: I would ask the Court to consider ordering
 him to comply with lifetime satellite-based monitoring
 based on the Static 99 evaluation, the risk of recidivism,
 and the threat that he’s demonstrated in these different
 communities in the past.

 THE COURT: Yes, ma’am, and let me ask you this. I just
 want to make sure we’re clear. If the Court does order
 lifetime satellite-based monitoring, is that consistent with
 that recent decision?

 [THE STATE]: Your Honor, the recent decision in Grady
 applies only to lifetime satellite-based monitoring that’s
 ordered based on solely recidivism. That applies only when
 there’s been an order based on the statute that says if a
 person is a recidivist, he may automatically receive lifetime
 satellite-based monitoring. And I think that holding does
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 not bar the Court from making an independent inquiry
 through the Static 99 and determining that the defendant
 is high risk based on that evaluation and ordering lifetime
 satellite-based monitoring, or ordering satellite-based
 monitoring for a period of years. I think the Court is free to
 do either of those things.

 THE COURT: Okay, thank you very much.

¶ 10 After considering the arguments of Defendant, who appeared pro se, the trial

 court ordered Defendant to “continue to maintain the satellite-based monitoring”

 based on Defendant’s Static-99R score and “the totality of these circumstances[.]”

 Defendant then attempted to give oral notice of appeal in open court, arguing that as

 a result of the Grady III decision, the trial court lacked authority to order him to

 submit to lifetime satellite-based monitoring.

¶ 11 The trial court entered a written order that states: “DEFENDANT SHALL

 REMAIN ON [SATELLITE-BASED MONITORING] DUE TO THE STATIC 99

 SCORE OF 8 AND [HIS] CRIMINAL HISTORY.” On 12 June 2020, pursuant to the

 30 May 2020 order of the Chief Justice of the Supreme Court of North Carolina

 extending filing deadlines due to the COVID-19 pandemic, Defendant timely filed his

 notice of appeal from the 2 March 2020 order.

 Discussion

¶ 12 Defendant raises four issues on appeal. First, Defendant argues that the trial

 court lacked jurisdiction to conduct a satellite-based monitoring hearing and to

 impose satellite-based monitoring on him on grounds other than recidivism. Then,
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 assuming arguendo that the trial court did possess jurisdiction to impose satellite-

 based monitoring on other grounds, Defendant argues that the trial court erred by

 (1) ordering satellite-based monitoring when the State failed to meet its burden of

 showing reasonableness under the Fourth Amendment; (2) ordering Defendant to

 remain subject to satellite-based monitoring for the remainder of his natural life, as

 opposed to a term of years, in the absence of any statutory authority permitting such

 an order; and (3) conducting a satellite-based monitoring hearing without appointing

 counsel to represent Defendant, as required by N.C. Gen. Stat. §§ 7A-451(a)(18) and

 14-208.40B(b).

¶ 13 After careful review, we conclude that the trial court lacked jurisdiction to

 conduct the 2 March 2020 hearing. Accordingly, we vacate the trial court’s order

 without prejudice to the State’s ability to file an application for satellite-based

 monitoring.

 I. Standard of Review

¶ 14 “Whether a trial court has subject matter jurisdiction is a question of law,”

 which this Court reviews de novo. State v. Clayton, 206 N.C. App. 300, 303, 697 S.E.2d

 428, 431 (2010) (citation omitted). When an appellate court conducts de novo review,

 “the court considers the matter anew and freely substitutes its own judgment for that

 of the lower tribunal.” State v. Williams, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294

 (2008) (citation and internal quotation marks omitted).
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 II. Grady III Relief

¶ 15 As an initial matter, the State argues that Defendant is not entitled to relief

 under Grady III. In so arguing, the State misconstrues the basis for our Supreme

 Court’s ruling in that case.

¶ 16 As stated above, in Grady III, our Supreme Court concluded that satellite-

 based monitoring was not only unconstitutional as applied to that particular

 defendant, but also as applied to other similarly situated individuals. 372 N.C. at 546,

 831 S.E.2d at 569. Accordingly, the Court enjoined all

 applications of mandatory lifetime [satellite-based
 monitoring] of unsupervised individuals authorized solely
 on a finding that the individual is a recidivist and without
 any findings that the individual was convicted of an
 aggravated offense, or is an adult convicted of statutory
 rape or statutory sex offense with a victim under the age of
 thirteen, or is a sexually violent predator.

 Id. at 547, 831 S.E.2d at 570.

¶ 17 At a bring-back hearing in 2009, Defendant was enrolled in mandatory lifetime

 satellite-based monitoring based solely on a finding that he was a recidivist, and

 without any findings that he was convicted of an aggravated offense, or was an adult

 convicted of statutory rape or statutory sex offense with a victim under the age of

 thirteen, or was classified as a sexually violent predator. Defendant is not currently

 under any form of post-release supervision, and the record on appeal does not contain

 any indication that he was at the time of the 2 March 2020 hearing. He is thus
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 entitled to relief under Grady III.

¶ 18 Nonetheless, the State asserts that the 2 March 2020 hearing remedied any

 deficiencies in the original imposition of satellite-based monitoring on Defendant, and

 removed him from the Grady III class. The State maintains that Defendant “1) was

 provided reasonable opportunity for termination, via the March 2020 hearing,

 wherein 2) the Superior Court considered both his individualized assessment and the

 characteristics of his crimes in rendering a decision as to whether to maintain or

 modify his prior [satellite-based monitoring] order.” Thus, the State claims,

 Defendant is no longer entitled to relief under Grady III.

¶ 19 The State’s argument is inapposite. Under Grady III, the State was enjoined

 from the continued application of unconstitutional satellite-based monitoring of

 Defendant. That the State subsequently chose to conduct a “review hearing” is

 immaterial. The State did not invoke the jurisdiction of the trial court for the 2 March

 2020 hearing during which Defendant was ostensibly provided with the post hoc

 process that the State claims disqualifies him from relief under Grady III. The State

 cannot avoid Grady III, which enjoined the unconstitutional application of satellite-

 based monitoring in cases such as Defendant’s, by devising a procedure that itself

 violates Defendant’s rights.

¶ 20 Pursuant to the plain text of our Supreme Court’s opinion, Defendant falls

 within the class of individuals eligible for relief under Grady III. Hence, the State
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 was enjoined from subjecting Defendant to the continued application of satellite-

 based monitoring for the remainder of his life. If the State wished to reenroll

 Defendant in satellite-based monitoring, it had to proceed in a manner consistent

 with its statutory authority and procedural obligations. For the following reasons, we

 conclude that it did not.

 III. Statutory Jurisdiction

¶ 21 Defendant argues that the trial court lacked jurisdiction to conduct the 2

 March 2020 hearing because (1) neither Grady III nor any statute permits the State

 to seek a rehearing of its application for satellite-based monitoring of a defendant

 eligible for relief under Grady III; and (2) “[t]he State filed no motion, application, or

 other pleading invoking the trial court’s jurisdiction under a rule of criminal or civil

 procedure.”

¶ 22 “Jurisdiction is the legal power and authority of a court to make a decision that

 binds the parties to any matter properly brought before it. . . . A universal principle

 as old as the law is that the proceedings of a court without jurisdiction of the subject

 matter are a nullity.” State v. Wooten, 194 N.C. App. 524, 527, 669 S.E.2d 749, 750

 (2008) (citations and internal quotation marks omitted), disc. review denied and cert.

 dismissed, 363 N.C. 138, 676 S.E.2d 308 (2009).

¶ 23 Two statutes confer jurisdiction upon a trial court to enroll a qualifying

 individual in satellite-based monitoring. Section 14-208.40A requires the trial court
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 to conduct a satellite-based monitoring hearing “during the sentencing phase” of a

 criminal proceeding following a conviction. N.C. Gen. Stat. § 14-208.40A(a). This

 section is plainly inapplicable to Defendant’s case, because Defendant was initially

 enrolled in the satellite-based monitoring program approximately two and a half

 years after he was convicted and sentenced.

¶ 24 Section 14-208.40B similarly fails to provide a statutory basis for the State’s

 “satellite-based monitoring review hearing” that could apply in Defendant’s case.

 This section confers jurisdiction upon a trial court to conduct a satellite-based

 monitoring hearing “[w]hen an offender is convicted of a reportable conviction as

 defined by G.S. 14-208.6(4), and there has been no determination by a court on whether

 the offender shall be required to enroll in satellite-based monitoring[.]” Id. § 14-

 208.40B(a) (emphasis added). The plain language of this statute indicates that it does

 not apply where there has already been a “determination by a court on whether the

 offender shall be required to enroll in satellite-based monitoring,” id., as happened in

 this case in 2009 when Defendant was initially enrolled in satellite-based monitoring

 following his “bring-back” hearing pursuant to § 14-208.40B(a).

¶ 25 Moreover, our precedent makes clear that the State cannot move for

 reconsideration of satellite-based monitoring under § 14-208.40B. In Clayton, the

 defendant pleaded guilty in April 2008 to two counts of taking indecent liberties with

 a child and received a sentence that was suspended upon a term of probation. 206
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 N.C. App. at 301, 697 S.E.2d at 430. On 19 May 2008, pursuant to § 14-208.40B, the

 defendant was brought back before the trial court for a satellite-based monitoring

 hearing, at which the trial court determined that the defendant was not subject to

 satellite-based monitoring. Id. The defendant was subsequently charged with

 violating his probation in July 2008. Id. At the probation violation hearing on 5 March

 2009, the defendant’s satellite-based monitoring status was reevaluated, and at that

 time, the trial court ordered him to enroll in satellite-based monitoring for a period

 of ten years. Id. at 301–02, 697 S.E.2d at 430.

¶ 26 On appeal, this Court observed that there was “no indication that between 19

 May 2008 and 5 March 2009 [the] defendant was convicted of another ‘reportable

 conviction’ which could trigger another [satellite-based monitoring] hearing based

 upon the new conviction.” Id. at 305, 697 S.E.2d at 432. We thus vacated the 2009

 satellite-based monitoring order, in that “[t]he trial court did not have any basis to

 conduct another [satellite-based monitoring] hearing, where it had already held [a

 satellite-based monitoring] hearing based upon the same reportable convictions in

 2008.” Id.

¶ 27 As in Clayton, the record in the instant case reflects no new “reportable
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 conviction”2 between the 29 April 2009 order enrolling Defendant in mandatory

 lifetime satellite-based monitoring and the 2 March 2020 “review” hearing upon

 which the trial court could base jurisdiction under § 14-208.40B(a). See N.C. Gen.

 Stat. § 14-208.6(4) (defining a “[r]eportable conviction” for the purposes of the sex

 offender and public protection registration programs). Thus, the trial court “did not

 have any basis to conduct another [satellite-based monitoring] hearing, where it had

 already held [a satellite-based monitoring] hearing based upon the same reportable

 convictions” in 2009. Id.

¶ 28 Additionally, the State did not validly invoke the court’s jurisdiction to conduct

 the 2 March 2020 hearing. The satellite-based monitoring program is “a civil

 regulatory scheme,” of which satellite-based monitoring hearings and proceedings are

 part. State v. Brooks, 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010) (citation and

 internal quotation marks omitted). Under the North Carolina Rules of Civil

 Procedure, “jurisdiction is dependent upon the existence of a valid motion, complaint,

 2 At the 2 March 2020 hearing, the State indicated that Defendant had been “charged

 with first degree rape and first degree forcible sex offenses and possession of a firearm by a
 felon” and “prosecuted contemporaneously for that in Federal court.” According to the State,
 Defendant “was convicted of possessing a firearm by a felon in Federal court and the state
 charges were dismissed, so he was not convicted of the rape or any sex offense at that time.”
 There is no documentation of this proceeding in the record on appeal. But in any event there
 is also no indication that Defendant was convicted of any new offense that would trigger
 another satellite-based monitoring hearing under § 14-208.40B(a). As the plain text of § 14-
 208.40B(a) refers only to a “reportable conviction[,]” rather than to an arrest or an
 indictment, we may reach no other conclusion. N.C. Gen. Stat. § 14-208.40B(a).
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 petition, or other valid pleading[.]” In re McKinney, 158 N.C. App. 441, 443, 581

 S.E.2d 793, 795 (2003).

 A court cannot undertake to adjudicate a controversy on its
 own motion; rather, it can adjudicate a controversy only
 when a party presents the controversy to it, and then, only
 if it is presented in the form of a proper pleading. Thus,
 before a court may act there must be some appropriate
 application invoking the judicial power of the court with
 respect to the matter in question.

 Id. at 444, 581 S.E.2d at 795 (citation omitted); accord State v. Turner, 262 N.C. App.

 155, 819 S.E.2d 415, 2018 WL 4997420, at *2 (2018) (unpublished).

¶ 29 In Turner, the State argued before the trial court that the defendant’s

 conviction for statutory rape constituted an aggravated offense, mandating lifetime

 satellite-based monitoring of the defendant. 2018 WL 4997420, at *1. However, a

 subsequent risk assessment placed the defendant in the “Moderate-Low” risk

 category, and the trial court entered an order stating that the defendant was not

 required to enroll in satellite-based monitoring. Id. Months later, another satellite-

 based monitoring hearing was held, although the record on appeal contained no

 information indicating how that second hearing was initiated. Id. At the second

 hearing, the State argued that the trial court had previously misinterpreted case law

 regarding statutory rape, and the trial court set aside the earlier order and entered

 a new order imposing lifetime satellite-based monitoring upon the defendant. Id.

¶ 30 On appeal, this Court vacated the second satellite-based monitoring order for
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 lack of subject-matter jurisdiction. Id. at *3. Although we agreed that the trial court’s

 initial analysis of statutory rape was erroneous, pursuant to Clayton, “once the trial

 court entered the erroneous order, it did not have the authority to sua sponte modify

 the prior order.” Id. at *2. The State argued in Turner—as it argues in present case—

 that it could have properly invoked the jurisdiction of the trial court by filing

 pleadings such as a Rule 60 motion, but we rejected the State’s argument because

 “[t]he record on appeal d[id] not contain any motion filed by the State[.]” Id. Although

 Turner is an unpublished opinion and therefore not binding legal authority, see

 N.C.R. App. P. 30(e)(3), we nevertheless find its reasoning persuasive and applicable

 to the issue before us, and we hereby adopt and employ that reasoning here.

¶ 31 In the instant case, the State has stipulated in the record on appeal that it “did

 not file a written motion, application, or other pleading.” At oral argument,

 Defendant’s counsel conceded that a hypothetical motion, such as a Rule 60 motion

 or a motion in the cause, may properly invoke the jurisdiction of the trial court “in

 some case” under similar post-Grady III circumstances. However, defense counsel

 further asserted that in the absence of any such motion, the State does not actually

 invoke the trial court’s jurisdiction. We agree.

¶ 32 “We need not speculate about whether any hypothetical motions could have

 granted the trial court subject-matter jurisdiction to enter the [2 March 2020] order.

 In the absence of any motion, the trial court lacked subject-matter jurisdiction to
 STATE V. BILLINGS

 2021-NCCOA-306

 Opinion of the Court

 conduct the [2 March 2020] hearing and the [2 March 2020] order is void.” Turner,

 2018 WL 4997420, at *3. Accordingly, we “vacate the trial court’s [satellite-based

 monitoring] order without prejudice to the State’s ability to file [an] application” for

 satellite-based monitoring, consistent with this opinion. State v. Bursell, 372 N.C.

 196, 201, 827 S.E.2d 302, 306 (2019).

 Conclusion

¶ 33 For the foregoing reasons, the trial court did not have jurisdiction to conduct

 the 2 March 2020 hearing. Accordingly, we vacate the trial court’s order without

 prejudice to the State’s ability to file an application for satellite-based monitoring.

 VACATED.

 Chief Judge STROUD concurs.

 Judge TYSON concurs in the result by separate opinion.
 No. COA20-550 – State v. Billings

 TYSON, Judge, concurring in the result only.

¶ 34 Defendant argues and this Court agrees the trial court lacked subject matter

 jurisdiction to conduct a rehearing on Defendant’s satellite-based monitoring. The

 parties stipulated the State served Defendant with a letter providing purported

 notice of the hearing, but “did not file a written motion, application, or other pleading”

 with the court.

¶ 35 As noted in the majority’s opinion, Defendant’s counsel conceded at oral

 argument a “motion, such as a Rule 60 motion or a motion in the cause, may properly

 invoke the jurisdiction of the trial court ‘in some case’ under similar post-Grady III

 circumstances.” See N.C. Gen. Stat. § 1A-1, Rule 60 (2019); see generally J&M

 Aircraft Mobile T-Hangar, Inc. v. Johnston Cty. Airport Auth., 166 N.C. App. 534,

 539, 603 S.E.2d 348, 351 (2004) (a motion in the cause is the proper action to set aside

 a judgment pursuant to N.C. Gen. Stat. § 1A–1, Rule 60). In the absence of any such

 motion, the State did not invoke the trial court’s subject matter jurisdiction.

¶ 36 We unanimously agree the trial court lacked subject matter jurisdiction to

 conduct the 2 March 2020 hearing as the ratio decidendi of this appeal. The order

 therefrom must be vacated without prejudice to the State’s ability to invoke the trial

 court’s jurisdiction and file an application for satellite-based monitoring. State v.

 Bursell, 372 N.C. 196, 201, 827 S.E.2d 302, 306 (2019) (vacating “the trial court’s

 [satellite-based monitoring] order without prejudice to the State’s ability to file [an]

 application” for satellite-based monitoring).
 STATE V. BILLINGS

 2021-NCCOA-306

 TYSON, J., concurring

¶ 37 Further analysis or discussion beyond the dispositive determination to vacate

 without prejudice is obiter dicta. See Catawba Memorial Hospital v. N.C. Dept.

 Human Resources, 112 N.C. App. 557, 561, 436 S.E.2d 390, 392 (1993) (finding the

 addressed issue “to be dispositive and, in view of our decisions with respect thereto,

 conclud[ing] that it is unnecessary to address the remainder”). I concur in the result

 to vacate the order without prejudice.