STATE OF NORTH CAROLINA v. RICKY CLAYTON, Defendant

No. COA09-987

(Filed 3 August 2010)

**1. Appeal and Error— oral notice of appeal insufficient—satellite-based monitoring hearing—certiorari**

Defendant at the time of his satellite-based monitoring hearing did not have any indication that his oral notice of appeal was improper; however in the interest of justice and to expedite the decision in the public interest, the Court of Appeals granted defendant's request to consider his brief as a petition for writ of *certiorari* and addressed the merits of his appeal.

**2. Satellite-Based Monitoring—probation violation—jurisdiction**

The trial court lacked jurisdiction to order defendant to enroll in satellite-based monitoring (SBM) for a period of ten years following a probation violation where the trial court had previously held an SBM hearing and ordered that defendant was not required to enroll in SBM.

Appeal by defendant from order entered on or about 5 March 2009 by Judge James W. Morgan in Superior Court, Lincoln County. Heard in the Court of Appeals 10 December 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Peter A. Regulski, for the State.*

*Robert W. Ewing, for defendant-appellant.*

STROUD, Judge.

Ricky Clayton ("defendant") appeals from an order enrolling him in satellite-based monitoring ("SBM"). Because the hearing to determine defendant's eligibility for SBM and his enrollment in SBM for a period of ten years was not based on a reportable conviction but on a probation violation, we vacate the trial court's order.

On 13 August 2007 in Mecklenburg County, defendant was charged with two counts of statutory rape; one count of statutory sexual offense with a person thirteen years of age; and three counts of taking indecent liberties with a child. On 21 and 28 August and 11 September 2007, defendant submitted to a psychological evaluation conducted by William M. Tyson, Ph.D., of Blue Ridge Behavior

Systems, Inc. Dr. Tyson prepared a report dated 12 March 2008 in which he concluded, in part, that "[t]his defendant appears to be a mild risk for a community-based program of rehabilitation. Treatment should be conducted in the context of judicially imposed contingencies. Monitoring and supervision of his activities will be required. The usual practices of probation supervision should be adequate to this purpose." On 22 April 2008, defendant pled guilty to two counts of indecent liberties with a child and all the other charges were dismissed. The trial court sentenced defendant to two consecutive terms of imprisonment, each with a minimum term of 13 months and a maximum term of 16 months. Defendant's sentence was suspended and he was placed on probation for 36 months, with the first six months designated as intensive probation. The trial court's order notes that defendant had been convicted of a "reportable conviction" as defined by N.C. Gen. Stat. § 14-208.6(4). On 19 May 2008, pursuant to N.C. Gen. Stat. § 14-208.40B, defendant was brought back before the Superior Court, Mecklenburg County to determine his eligibility for SBM ("2008 SBM hearing"). Apparently in reliance on Dr. Tyson's report or a Department of Correction ("DOC") "risk assessment" not included in the record on appeal, the State commented that defendant did "not qualify after the [DOC] assessment[,]" as DOC "did not find that he was a high risk for re-offending." The trial court then ordered that defendant "is not subject to electronic monitoring." At defendant's request, the trial court transferred defendant's probation to Lincoln County.

On 21 July 2008, defendant was charged with a violation of his probation in Lincoln County. The violation report alleged that since being placed on probation, defendant had accessed an e-mail account which contained several photographs of a nude adult woman. On 4 August 2008, defendant stipulated to the probation violations and the trial court modified the judgments, placing defendant on house arrest with electronic monitoring for 90 days and ordering that there be "no computer equipment in the residence."[1]

On 5 March 2009, defendant appeared in Superior Court, Lincoln County for a hearing which was noticed and scheduled as a probation

---

1. It is not clear how the allegations by the probation officer would amount to a violation of the conditions of defendant's probation, as the only special conditions that defendant was ordered to observe during his probation were to (1) register as a sex offender; (2) participate in any evaluations or treatments as the trial court ordered; (3) not communicate with, be in the presence of, or be found in or on the premises of the victim of the offense; and (4) not reside in a house with any minor child. However, defendant stipulated to violating his probation.

violation hearing, but at which defendant's eligibility for SBM was evaluated for a second time ("2009 SBM hearing"). The State argued that the situation had changed since the 2008 SBM hearing in Mecklenburg County, as defendant had violated his probation and the DOC had performed a STATIC 99 assessment of defendant which indicated that he was "high risk." Defense counsel argued that Dr. Tyson had determined that defendant was a "mild risk" and, therefore, defendant should not be placed on SBM. At the hearing, the trial court made the following findings:

> At this point in time, at a hearing May 19th 2008 the Honorable Gentry Caudill found that he was not subject to electronic monitoring. The case was transferred to Lincoln County. Since that time he had a probation violation and the nature of that violation was sexual in nature . . . .

The trial court entered a "Judgment/Order or Other Deposition" which ordered that "defendant be placed on GPS monitoring for a period of ten years."[2] Defendant gave notice of appeal in open court.

**[1]** We first address the grounds for appellate review of defendant's appeal. Recently, this Court in *State v. Brooks* held "that oral notice pursuant to N.C.R. App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court[,]" for defendants appealing from a trial court's order requiring enrollment in an SBM program. —— N.C. App. ——, ——, 693 S.E.2d 204, 206 (2010). "Instead, a defendant must give notice of appeal pursuant to N.C.R. App. P. 3(a) as is proper 'in a civil action or special proceeding[.]' " *Id.* N.C.R. App. P. 3(a) requires written notice of appeal to be filed with the clerk of superior court and copies to be served on all other parties. Defendant failed to comply with N.C.R. App. P. 3(a), as he only gave oral notice of appeal at the 2009 SBM hearing and there is no written notice of appeal in the record, which was served on the State. "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." *Stephenson v. Bartlett*, 177 N.C. App. 239, 241, 628 S.E.2d 442, 443 (citations and quotation marks omitted), *disc. review denied*, 360 N.C. 544, 635 S.E.2d 58 (2006). Therefore, we are compelled to dismiss defendant's appeal. However, defendant citing *State v. Bare*, —— N.C. App. ——, 677 S.E.2d 518 (2009) in his brief, requests that, should we find his "oral notice of appeal pursuant to Rule

---

2. The trial court did not use the form order which is intended for use for SBM hearings, AOC-CR-816, Rev. 12/08, but instead used a general form, AOC-CR-305, Rev. 7/95.

4(a)(1) of the Rules of Appellate Procedure was not sufficient because [it] is a civil case," that we treat his brief as a petition for writ of certiorari. We note that this Court's decision in *Bare*, which held that North Carolina's SBM statutes were a civil and regulatory regime rather than punishment, was decided on 16 June 2009. *Id.* at ——, 677 S.E.2d at 524. This Court further explained in *State v. Singleton*, —— N.C. App. ——, ——, 689 S.E.2d 562, 565-66 (2010), which was decided on 5 January 2010, that, "for purposes of appeal, a SBM hearing is not a 'criminal trial or proceeding' for which a right of appeal is based upon N.C. Gen. Stat. § 15A-1442 or N.C. Gen. Stat. § 15A-1444" but jurisdiction to hear appeals from SBM hearings is based on N.C. Gen. Stat. § 7A-27. Here, defendant's oral notice of appeal was given on 5 March 2009, more than three months before *Bare*, ten months before *Singleton*, and more than a year and two months before this Court made its decision in *Brooks* on 18 May 2010, holding that appeals taken from SBM proceeding must be in writing. Therefore, defendant at the time of his SBM hearing did not have any indication that notice of appeal pursuant to N.C.R. App. P. 4(a)(1) was improper. Accordingly, "[i]n the interest of justice, and to expedite the decision in the public interest," *Brooks*, —— N.C. App. at ——, 693 S.E.2d at 206, we grant defendant's request to consider his brief as a petition for writ of certiorari and address the merits of his appeal.

**[2]** Defendant first contends and the State concedes that the trial court lacked jurisdiction to order defendant to enroll in SBM for a period of ten years following a probation violation, where the trial court had previously held a SBM hearing and ordered that defendant was not required to enroll in SBM. Even though defendant did not raise the issue of whether the trial court had subject matter jurisdiction at trial, this issue may be raised "for the first time on appeal." *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (citation omitted). "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo*." *State v. Black*, —— N.C. App. ——, ——, 677 S.E.2d 199, 202 (2009) (citation and quotation marks omitted). This Court has recently stated that

> [j]urisdiction is '[t]he legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it.' Black's Law Dictionary 869 (8th ed. 2004). The court must have subject matter jurisdiction, or '[j]urisdiction over the nature of the case and the type of relief sought,' in order to decide a case. *Id.* at 870. 'A universal principle as old as the law

is that the proceedings of a court without jurisdiction of the subject matter are a nullity.' *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). The General Assembly 'within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State.' *Bullington v. Angel*, 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941). 'Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction.' *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982).

*State v. Wooten*, 194 N.C. App. 524, 527, 669 S.E.2d 749, 750 (2008), *disc. review denied*, 363 N.C. 138, 676 S.E.2d 308 (2009).

N.C. Gen. Stat. §§ 14-208.40A and 14-208.40B (2009) set forth the procedures for SBM hearings.

N.C. Gen. Stat. § 14-208.40A applies in cases in which the district attorney has requested that the trial court consider SBM during the sentencing phase of an applicable conviction. *See* N.C. Gen. Stat. § 14-208.40A(a). N.C. Gen. Stat. § 14-208.40B applies in cases in which the offender has been convicted of an applicable conviction and *the trial court has not previously determined whether the offender must be required to enroll in SBM. See* N.C. Gen. Stat. § 14-208.40B(a).

*State v. Kilby*, —— N.C. App. ——, ——, 679 S.E.2d 430, 432-33 (2009) (emphasis added). As this SBM determination was not made when defendant was sentenced, it is controlled by N.C. Gen. Stat. § 14-208.40B, which in pertinent part provides that

(a) When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), and there has been no determination by a court on whether the offender shall be required to enroll in satellite-based monitoring, the Department shall make an initial determination on whether the offender falls into one of the categories described in G.S. 14-208.40(a).

(b) If the Department determines that the offender falls into one of the categories described in G.S. 14-208.40(a), the district attorney, representing the Department, shall schedule a hearing in superior court for the county in which the offender resides . . . .

N.C. Gen. Stat. § 14-208.40B. During this hearing, the trial court makes the determination as to the offender's eligibility for SBM. *See* N.C. Gen. Stat. § 14-208.40B(c).

Here, on 19 May 2008, the trial court held defendant's 2008 SBM hearing pursuant to N.C. Gen. Stat. § 14-208.40B. Thus, the trial court had "previously determined whether the offender must be required to enroll in SBM." *Kilby*, N.C. App. at ——, 679 S.E.2d at 433; N.C. Gen. Stat. § 14-208.40B(a). As a result of the 2008 SBM hearing, the trial court did not order defendant to enroll in SBM.[3]

Although there may have been procedural deficiencies in the 2008 SBM hearing and order, this appeal is based upon the order resulting from defendant's 2009 SBM hearing conducted in Superior Court, Lincoln County on 5 March 2009. The trial court did not have any basis to conduct another SBM hearing, where it had already held an SBM hearing based upon the same reportable convictions in 2008. The record contains no indication that between 19 May 2008 and 5 March 2009 defendant was convicted of another "reportable conviction" which could trigger another SBM hearing based upon the new conviction. It appears from the record that defendant was summoned for the 2009 SBM hearing to Superior Court, Lincoln County in relation to a probation violation, and the trial court based the enrollment of defendant in SBM for ten years on his "probation violation" and the fact that "the nature of that violation was sexual in nature." However, a probation violation is not a crime in itself, much less a "reportable conviction." *See* N.C. Gen. Stat. § 14-208.6(4). There is no indication in the record that DOC followed the notice requirements of N.C. Gen. Stat. § 14-208.40B(b), nor did the trial court make the findings of fact required by N.C. Gen. Stat. § 14-208.40B(c). Therefore, the trial court did not have jurisdiction to conduct the 2009 SBM hearing or to order defendant to enroll in SBM for a period of 10 years. *Wooten*, 194 N.C. App. at 527, 669 S.E.2d at 750. The SBM statutes do not provide for reassessment of defendant's SBM eligibility based on the same reportable conviction, after the initial SBM determination is made

---

3. It appears that the trial court in the 2008 SBM hearing did not adhere to the procedural mandates in N.C. Gen. Stat. § 14-208.40B. There is no indication in the record that the trial court made any of the findings of fact required by N.C. Gen. Stat. § 14-208.40B(c). Further, the trial court may have considered Dr. Tyson's psychological evaluation report as a DOC "risk assessment" in its evaluation of defendant's eligibility for SBM pursuant to N.C. Gen. Stat. § 14-208.40B(c). However, the State did not appeal from the 2008 SBM order denying its request for SBM enrollment, so we have no jurisdiction to consider the 2008 SBM order. N.C.R. App. 10(b)(1). In addition, the State makes no argument on appeal that the order from the 2008 SBM hearing was in error.

based on that conviction. To the contrary, this Court has stated in *Kilby* that N.C. Gen. Stat. § 14-208.40B(a) allows the trial court to hold an SBM hearing only where "the trial court has not previously determined whether the offender must be required to enroll in SBM." —— N.C. App. at ——, 679 S.E.2d at 433. Accordingly, we vacate the trial court's order enrolling defendant in SBM for a period of 10 years. As we have granted defendant the relief he requested, we need not address defendant's remaining arguments challenging the trial court's enrollment of defendant in SBM.

VACATE.

Judges HUNTER, JR., Robert N. and ERVIN concur.