IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-889

Filed:   4 August 2020

Wake County, No. 16 CRS 216326

STATE OF NORTH CAROLINA

v.

JOSHUA VORNDRAN

Appeal by Defendant from Order entered 20 December 2018 by Judge A. Graham Shirley in Wake County Superior Court.  Heard in the Court of Appeals 12 May 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Rebecca E. Lem, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

HAMPSON, Judge.

### **Factual and Procedural Background**

Joshua Vorndran (Defendant) appeals from Order entered 20 December 2018 requiring Defendant to register on the sex offender registry for thirty years.  The Record reflects the following relevant facts:

On 21 March 2018, Defendant entered a guilty plea to Felony Secret Peeping, a violation of N.C. Gen. Stat. § 14-202(e).  Pursuant to the plea arrangement, Defendant received an 8-19 month suspended sentence with 48 months of supervised

probation and was required to comply with enumerated conditions of probation, including that Defendant "not be unsupervised around any children under the age of 14." The plea arrangement provided at a later date "[a] hearing shall be held pursuant to [Section] 14-202(*l*) as to whether or not the defendant is a danger to the community and should therefore register as a sex offender." As a result of Defendant's guilty plea, the trial court dismissed the second charge of Taking Indecent Liberties with Children.

At an accompanying hearing also held on 21 March 2018, the trial court discussed Defendant's potential registration requirement provided for in N.C. Gen. Stat. § 14-202(*l*), noting Defendant's "conduct in this is extremely disturbing." The trial court continued: "It probably would further the purposes of the Article to have [Defendant] register, but . . . taking into account the fact that it occurred when he was 18 and that he's now 20, and taking into account the fact that it's not automatic registration, [it is] giving him a chance[.]" The trial court then announced it "retain[ed] jurisdiction of the hearing under [N.C. Gen. Stat. §] 14-202 in Wake County Superior Court . . . and there shall be a hearing conducted 12 months from [21 March 2018] to see if [Defendant is] in full compliance with probation," reasoning Defendant has "a year to show to the Court that he's not a recidivist or danger to the community." Counsel for both parties agreed to set the hearing on 18 March 2019,

and the trial court emphasized "if there's any noncompliance within the 12 months, that [Defendant's] hearing can be accelerated."

On 1 December 2018, Defendant was arrested in New Hanover County for Felony Secret Peeping involving a nine-year-old child. On 4 December 2018, the State notified Defendant that "based on his recent arrest" he should be required to register for his original conviction and in accordance with the terms of Defendant's plea arrangement, Defendant's registration hearing was being accelerated.

On 20 December 2018, Defendant came back before Wake County Superior Court, Judge A. Graham Shirley presiding. At the beginning of Defendant's hearing, defense counsel objected to the trial court's jurisdiction on the basis Judge Michael O'Foghludha, who presided over Defendant's 21 March 2018 hearing, was not presiding over his second hearing. The trial court noted Defendant's objection but proceeded with Defendant's registration hearing, remarking it was "concerned by a finding [of] probable cause to arrest [Defendant] with the exact same offense[.]" The trial court orally rendered findings Defendant "is above-average risk, he's been arrested for a crime which is similar to the crime [to which he pleaded guilty], the offenses are against children[,] and he at least violated, it appears, the terms of his probation by being unaccompanied in the presence of a nine-year-old." The trial court then ordered Defendant to "register on the sex offender registry for a period of 30 years." Defendant filed timely Notice of Appeal on 18 January 2019.

### Issue

The sole issue on appeal is whether the trial court had jurisdiction over Defendant's second hearing to order Defendant to register as a sex offender pursuant to N.C. Gen. Stat. § 14-202(*l*).

### Analysis

### I. Jurisdiction

On appeal, Defendant contends the trial court lacked jurisdiction to order Defendant to register as a sex offender pursuant to N.C. Gen. Stat. § 14-202(*l*) because Judge Shirley did not preside over Defendant's initial hearing and therefore was not the "sentencing court" as contemplated by N.C. Gen. Stat. § 14-202(*l*). Challenges to the jurisdiction of the trial court are reviewed de novo. *State v. Marino*, ___ N.C. App. ___, ___, 828 S.E.2d 689, 692 (2019). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citations and quotation marks omitted).

In the present case, Defendant entered a guilty plea to Felony Secret Peeping—a violation of N.C. Gen. Stat. § 14-202(e). Section 14-202(*l*) continues:

> When a person violates subsection . . . (e) . . . of this section . . . the sentencing court shall consider whether the person is a danger to the community and whether requiring the person to register as a sex offender pursuant to Article 27A of this Chapter would further the purposes of that Article . . . . If the sentencing court rules that the person is a danger to the community and that

> the person shall register, then an order shall be entered requiring the person to register.

N.C. Gen. Stat. § 14-202(*l*) (2019). Thus, registration is not automatic for a violation of N.C. Gen. Stat. § 14-202(e); instead, the trial court shall order registration if it determines "(1) the defendant is a danger to the community; and (2) the defendant's registration would further the purpose of the Article as stated in N.C. Gen. Stat. § 14-208.5[.]" *State v. Pell*, 211 N.C. App. 376, 379, 712 S.E.2d 189, 191 (2011).

Defendant argues "no statute authorized a different judge to impose registration for the peeping conviction at a subsequent hearing" and the "sentencing court" as stated in Section 14-202(*l*) was not Wake County Superior Court but was specifically Judge O'Foghludha. Defendant contends the trial court lacked jurisdiction to enter its Order requiring Defendant to register and therefore the Order should be vacated. In support of his argument, Defendant relies exclusively on our decision in *State v. Clayton* as analogous and instructive. 206 N.C. App. 300, 697 S.E.2d 428 (2010).

In *Clayton*, the defendant pleaded guilty to two counts of indecent liberties and was sentenced to two consecutive sentences, which were suspended pending thirty-six months of probation. *Id.* at 301, 697 S.E.2d at 430. At a separate hearing conducted pursuant to N.C. Gen. Stat. § 14-208.40B, the trial court determined the defendant was not required to submit to electronic monitoring. *Id.* A couple of months later, the defendant was charged with violating the terms of his probation.

At a hearing expressly designated as a probation violation hearing, the trial court reconsidered the requirement that the defendant register for satellite-based monitoring (SBM) and ultimately ordered "defendant be placed on GPS monitoring for a period of ten years." *Id.* at 301-02, 697 S.E.2d at 430 (quotation marks omitted).

On appeal, this Court vacated the trial court's order requiring the defendant to enroll in SBM for lack of jurisdiction. *Id.* at 306, 697 S.E.2d at 433. This Court determined there was "no indication in the record that [the Department of Corrections] followed the notice requirements" or "ma[d]e the findings of fact" required by N.C. Gen. Stat. § 14-208.40B(b) and (c). *Id.* at 305, 697 S.E.2d at 432. Furthermore, the trial court had previously conducted a SBM hearing where it determined the defendant did not need to enroll in monitoring. *Id.* Accordingly, this Court concluded "the trial court did not have jurisdiction to conduct the 2009 SBM hearing or to order defendant to enroll in SBM for a period of 10 years." *Id.* (citation omitted).

We conclude *Clayton* is inapplicable to the present case and readily distinguishable. First, *Clayton* provides no support for Defendant's central assertion—only Judge O'Foghludha himself retained jurisdiction to preside over Defendant's subsequent hearing—and Defendant cites no other authority in support of this argument. *Cf. State v. Degree*, 110 N.C. App. 638, 642, 430 S.E.2d 491, 493-94

(1993) ("[I]t is not material that a trial judge different from the judge who presided over the taking of the guilty plea entered the sentence.").

Second, unlike in *Clayton*, Judge Shirley was not overruling or altering a prior order of Judge O'Foghludha. Here, the trial court had not previously determined Defendant was *not* required to register as a sex offender. Rather, the Record before us reflects at Defendant's March 2018 hearing, the trial court was concerned "[Defendant's] conduct in this [case] is extremely disturbing[.]" However, the trial court did not immediately require Defendant register as a sex offender, indicating it was "retain[ing] jurisdiction of the hearing . . . *in Wake County Superior Court*" but was "giving [Defendant] a chance" to "show to the Court that he's not a recidivist or danger to the community." (emphasis added). Defendant consented to a future hearing on the matter and, in fact, went as far as to set a date—18 March 2019—to return to Wake County Superior Court for the hearing.[1]

As a condition of probation, Defendant not only agreed to the subsequent hearing under N.C. Gen. Stat. § 14-202(*l*) but also agreed he "not be unsupervised around any children under the age of 14." Defendant consented to the condition his hearing may be accelerated "if there[ was] any noncompliance[.]" Accordingly, when Defendant was arrested on 1 December 2018 for felony secret peeping involving a

---

[1] We acknowledge, unlike Section 14-208.40B, Section 14-202(*l*) does not expressly allow for a subsequent hearing to determine whether a defendant be required to register on the sex offender registry. However, Section 14-202(*l*) also does not disallow a delayed hearing. *Compare* N.C. Gen. Stat. § 14-202(*l*) *with* N.C. Gen. Stat. § 14-208.40B.

nine-year-old child, he was in violation of the terms of his probation, and his hearing could be accelerated pursuant to his plea agreement.

In light of Defendant's purported noncompliance with the terms of his probation and in contrast to *Clayton*, the State provided Defendant with advance notice it was accelerating Defendant's registration hearing as provided in Defendant's plea. The State expressly notified Defendant it intended to argue he should be required to register for his original conviction as contemplated by N.C. Gen. Stat. § 14-202(*l*). Unlike in *Clayton*, Defendant's 20 December 2018 hearing was not and never purported to be a probation violation hearing. Instead, when Defendant appeared again before Wake County Superior Court on 20 December 2018, it was for the purpose of determining in the first instance if "(1) the defendant is a danger to the community; and (2) the defendant's registration would further the purpose of the Article as stated in N.C. Gen. Stat. § 14-208.5[.]" *Pell*, 211 N.C. App. at 379, 712 S.E.2d at 191.

Further, when Defendant returned for his hearing, the trial court rendered its findings on the Record before us, ordering Defendant to register on the sex offender registry pursuant to Section 14-202(*l*). *See id.* at 380-81, 712 S.E.2d at 192 (stating that the trial court's determination a defendant is a "danger to the community" will be reviewed to see if the findings "are supported by competent evidence" and the

"conclusions of law to ensure that they reflect a correct application of law to the facts" (citation omitted)).

We conclude on the facts of this case, where Defendant expressly agreed to a subsequent hearing before the trial court to occur no more than twelve months after the date of the original hearing, where the postponement was for purposes of giving Defendant the opportunity to show "the Court that he's not a recidivist or danger to the community," and where Defendant was provided with adequate notice of the hearing and the State's arguments to be made therein, the Wake County Superior Court retained jurisdiction over Defendant's second hearing. Thus, the trial court's December 2018 Order ordering Defendant register as a sex offender for thirty years is affirmed.

## II. Clerical Error

Defendant requests, in the event we decline to vacate the trial court's Order requiring registration, we remand the Order for the correction of a clerical error. On the preprinted Order entered 20 December 2018, the trial court appears to have erroneously checked box 1(b)—indicating Defendant was convicted of "a sexually violent offense under [N.C. Gen. Stat. §] 208.6(5) or an attempt, solicitation, or conspiracy to commit such offense." However, Defendant pleaded guilty to Felony Secret Peeping pursuant to N.C. Gen. Stat. § 14-202(e), which is covered under box 1(d). "We realize that in the process of checking boxes on form orders, it is possible

for the wrong box to be marked inadvertently, creating a clerical error which can be corrected upon remand." *State v. Yow*, 204 N.C. App. 203, 205, 693 S.E.2d 192, 194 (2010). Here, it appears the trial court mistakenly checked box 1(b) instead of box 1(d). Therefore, we remand this matter to the trial court "for the limited purpose of correcting the clerical error on Form AOC-CR-615" to reflect Defendant's plea under Section 14-202(e), as indicated by box 1(d). *State v. May*, 207 N.C. App. 260, 263, 700 S.E.2d 42, 44 (2010).

## <u>Conclusion</u>

Accordingly, for the foregoing reasons, we conclude the trial court had jurisdiction over Defendant's second hearing and thus the Order entered 20 December 2018 requiring Defendant to register on the sex offender registry is affirmed. We remand this matter to the trial court for the limited purpose of correcting the clerical error noted herein.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.

Chief Judge McGEE and Judge ZACHARY concur.