IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-262

 No. COA20-885

 Filed 19 April 2022

 Forsyth County, Nos. 19 CRS 55896, 56057-62

 STATE OF NORTH CAROLINA

 v.

 MICHAEL EUGENE CARTER, Defendant.

 Appeal by Defendant from order entered 11 February 2020 by Judge David L.

 Hall in Forsyth County Superior Court. Heard in the Court of Appeals 19 October

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Caden
 William Hayes, for the State.

 Joseph P. Lattimore for Defendant-Appellant.

 INMAN, Judge.

¶1 Following our Supreme Court’s recent decision in State v. Hilton, 378 N.C. 692,

 2021-NCSC-115, and in light of recent amendments to North Carolina’s satellite-

 based monitoring (“SBM”) statutes, we affirm the trial court’s order imposing SBM

 for the sex offender’s life.

 I. FACTUAL & PROCEDURAL BACKGROUND

¶2 The facts underlying the sex offender’s convictions are undisputed:
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

¶3 Defendant-Appellant Michael Eugene Carter (“Defendant”) and his partner,

 Elizabeth Hairston (“Ms. Hairston”), lived together with their child and Ms.

 Hairston’s two other children from prior relationships. At the time they were living

 together, Defendant was a registered sex offender based on a conviction in 2002 for

 solicitation to commit statutory rape.

¶4 In May 2014, Ms. Hairston went out of town for the weekend, leaving the

 children in Defendant’s sole care. While Ms. Hairston was away, Defendant lured

 Ms. Hairston’s 12-year-old daughter, Takira,1 to Ms. Hairston’s bedroom and forced

 her to perform oral sex on him. Defendant silenced Takira by telling her “no one

 would believe her.”

¶5 In June 2014, Defendant again forced Takira to perform oral sex on him and

 digitally penetrated her vagina. On a third occasion, Defendant forced Takira to

 perform oral sex on him in a closet in the home while the other children played

 outside. Ms. Hairston’s father saw Defendant and the child emerge from the closet

 and told Ms. Hairston.

¶6 In late October and early November 2014, Defendant was arrested for various

 traffic violations. Following his release, Defendant assaulted Takira a fourth time,

 forcing her to perform oral sex. Before August of 2015, Takira reported the abuse to

 1 We use a pseudonym to protect the identity of the child.
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 her mother. Ms. Hairston confronted Defendant and kicked him out of the home. She

 did not report the abuse to police until 2019.

¶7 In 2019, Defendant was indicted for unlawfully being at a school while a sex

 offender, three charges of sexual offense with a child while in a parental role, three

 charges of indecent liberties with a child, and four charges of first-degree sexual

 offense with a child below the age of thirteen. Defendant pled guilty to all charges.

 Pursuant to the plea agreement, the trial court consolidated the charges and

 sentenced Defendant to 220 to 324 months in prison on 10 February 2020.

¶8 During sentencing, the trial court announced its intent to order SBM along

 with related proposed factual findings. The trial court considered Defendant for SBM

 because he was a recidivist and had committed a sexually violent offense. After

 stating its proposed findings, the trial court asked the case detective to testify about

 Defendant’s prior 2002 conviction. The State then elicited testimony from the

 detective about Defendant’s past sex offender registration violations. The State

 presented no further evidence. The trial court recessed the proceeding for additional

 research.

¶9 The next day, after returning from recess, the trial court judge announced, “I

 don’t know that lifetime monitoring is appropriate. What I’m considering is satellite-

 based monitoring as a condition to his five-year post-release supervision[.]” Defense

 counsel objected, asserting that a reasonableness hearing was required under State
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 v. Grady, 372 N.C. 509, 831 S.E.2d 542 (2019) (“Grady III”). In response to defense

 counsel’s final objection to SBM’s reasonableness, the trial court said, “I don’t know,

 given that it is not lifetime, I don’t know that the reasonable Fourth Amendment

 concerns that from [sic] the basis of Grady, or post Grady decisions, apply.” Then the

 trial court orally ordered “as a condition of Mr. Carter’s post-release supervision,

 pursuant to [N.C. Gen. Stat. §] 15(a)-1368.4(b)(1), subsection (6), that he be required

 to enroll in satellite-based monitoring for the duration of his post-release supervision,

 as provided by statute.”

¶ 10 In its written judgment, the trial court entered a form order titled “Judicial

 Findings and Order for Sex Offenders––Active Punishment,” AOC-CR-615 (rev.

 11/18), requiring SBM enrollment upon Defendant’s release from prison for his

 “natural life” based on his status as a recidivist.2 Although Defendant committed

 sexual offenses with a child younger than thirteen, the trial court did not check the

 box on the order imposing SBM indicating that fact, which is an independent basis

 2 Our statutes at the time mandated lifetime enrollment for recidivists. N.C. Gen.
 Stat. § 14-208.40A(c) (2019) (“If the court finds that the offender . . . is a recidivist, the court
 shall order the offender to enroll in a satellite-based monitoring program for life.” (emphasis
 added)); see also infra 2. To the extent the trial court’s oral findings conflict with its written
 findings, the trial court’s written findings and order control on appeal. State v. Johnson, 246
 N.C. App. 677, 684 (2016) (“Even if there is some conflict between oral findings and ones that
 are reduced to writing, the written order controls for purposes of appeal.” (citation omitted)).
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 for the imposition of lifetime SBM. It is undisputed that Defendant pled guilty to and

 was convicted of committing sexual offenses against a child younger than thirteen.

¶ 11 The trial court entered additional written findings addressing the

 reasonableness of Defendant’s post-release SBM and ordered further trial court

 review after Defendant’s release to consider then-existing technology and

 constitutional standards:

 1. The defendant was on the Sex-Offender Registry at the
 time of the present offenses and the Registry was not
 effective in deterring the defendant’s conduct or providing
 for public safety;

 2. The offenses for which the defendant has now been
 convicted occurred over many dates and over a span of
 time, indicating persistent child sexual criminal intent and
 fixation;

 3. The span between the defendant’s initial conviction for a
 child sex offense and the present series of offenses indicates
 a long-standing and persistent tendency and is predictive
 of future offenses;

 4. The defendant’s expectation of privacy is necessarily
 limited during Post-Release Supervision, and the
 additional Search attendant with Satellite-Based
 Monitoring during Supervision is reasonable under the
 circumstances;

 5. During the commission of the present child sex offenses
 the defendant repeatedly went upon school property in
 violation of the North Carolina General Statutes, and
 furthermore was in the presence and care of unauthorized
 children in violation of the North Carolina General
 Statutes, and thus the Sex-Offender Registry and Statutes
 relating to child sex offenders were not effective in
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 deterring the defendant’s conduct or providing for the
 public safety.

 It is further Ordered that the defendant have a Hearing
 before the Superior Court after his release from the
 Division of Adult Correction so that the Court may
 determine the nature and degree that a “Search” such as
 Satellite-Based Monitoring will constitute under then
 existing technology, and therefore determine whether
 Satellite-Based Monitoring is constitutional under then-
 existing circumstances pursuant to Grady and subsequent
 case law.

 Defendant timely appealed.

 II. ANALYSIS

 A. Appellate Jurisdiction

¶ 12 As an initial matter, we overrule the State’s contention this issue is not ripe

 for our review. Although the trial court has ordered another reasonableness hearing

 upon Defendant’s release from prison, the trial court has already imposed SBM upon

 Defendant. We have reviewed challenges to the reasonableness of SBM at the time

 it is imposed on many occasions. See, e.g., State v. Hutchens, 272 N.C. App. 156, 162,

 846 S.E.2d 306, 312 (2020) (“Defendant’s SBM order was entered at the same time as

 his sentence, so he will not be subject to SBM until he serves his prison term of

 roughly seven-and-a-half to fourteen-and-a-half years.”); State v. Gordon, 270 N.C.

 App. 468, 474, 840 S.E.2d 907, 913 (2020) (“Defendant was ordered to submit to

 satellite-based monitoring solely due to his conviction of an aggravated offense;

 however, he will not actually enroll in the program for approximately 15 to 20 years,
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 after he has completed his active prison sentence. The State filed its satellite-based

 monitoring application at the time of Defendant’s sentencing, in accordance with N.C.

 Gen. Stat. § 14-208.40A.”).

 B. SBM and Fourth Amendment Reasonableness

¶ 13 Defendant asserts the trial court erred by imposing SBM because the State

 failed to present any evidence about the reasonableness of the monitoring and the

 trial court did not conduct a formal hearing on this issue. A recent decision from our

 Supreme Court and legislative amendments to our SBM statutes compel us to

 disagree.

¶ 14 Reviewing a trial court order, we consider “whether the trial judge’s underlying

 findings of fact are supported by competent evidence, . . . and whether those factual

 findings in turn support the judge’s ultimate conclusions of law.’” State v. Williams,

 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

 We review a trial court’s determination that SBM is reasonable de novo. State v.

 Gambrell, 265 N.C. App. 641, 642, 828 S.E.2d 749, 750 (2019) (citation omitted).

 1. Recent Reasonableness Precedence

¶ 15 The Supreme Court of the United States held in Grady v. North Carolina, 575

 U.S. 306, 191 L. Ed. 2d 459 (2015) (“Grady I”), that the imposition of SBM constitutes

 a warrantless search under the Fourth Amendment and necessitates an inquiry into

 reasonableness under the totality of the circumstances. 575 U.S. at 310, 191 L. Ed.
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 2d at 462.

¶ 16 Following that holding by the Supreme Court of the United States, in Grady

 III, our Supreme Court considered whether mandatory lifetime SBM based solely on

 the defendant’s status as a “recidivist” sex offender “is reasonable when ‘its intrusion

 on the individual’s Fourth Amendment interests’ is balanced ‘against its promotion

 of legitimate governmental interests.’” 372 N.C. at 527, 831 S.E.2d at 557 (quoting

 Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 652-53, 132 L. Ed. 2d 564, 574 (1995)).

 After extensive and careful balancing, our Supreme Court concluded:

 [A]pplication of the relevant portions of N.C.G.S. §§ 14-
 208.40A(c) and 14-208.40B(c) to individuals in the same
 category as defendant, under which these individuals are
 required to submit to a mandatory, continuous,
 nonconsensual search by lifetime satellite-based
 monitoring, violates the Fourth Amendment to the United
 States Constitution. The category to which this holding
 applies includes only those individuals who are not on
 probation, parole, or post-release supervision; who are
 subject to lifetime SBM solely by virtue of being recidivists
 as defined by the statute; and who have not been classified
 as a sexually violent predator, convicted of an aggravated
 offense, or are adults convicted of statutory rape or
 statutory sex offense with a victim under the age of
 thirteen.

 Id. at 545, 831 S.E.2d at 568.

¶ 17 This Court, in resolving an array of other SBM appeals, looked to Grady III for

 guidance as to the scope of the reasonableness analysis required by the United States

 Supreme Court in Grady I. See, e.g., State v. Gordon, 270 N.C. App. 468, 469, 840
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 S.E.2d 907, 908 (2020), remanded by 379 N.C. 670, 865 S.E.2d 852 (2021); State v.

 Griffin, 270 N.C. App. 98, 106, 840 S.E.2d 267, 273 (2020), remanded by 379 N.C. 671,

 865 S.E.2d 849 (2021); Hutchens, 272 N.C. App. at 160-61, 846 S.E.2d at 310-11. For

 example, the majority opinion set forth factors to be considered in determining

 whether SBM is reasonable under the totality of the circumstances, including an

 offender’s “legitimate” and not “greatly diminished” privacy interests and SBM’s

 “substantial” and “deep, if not unique, intrusion” into them, as weighed against the

 State’s “without question legitimate” interest in monitoring sex offenders. Grady III,

 372 N.C. at 527, 534, 538, 543-44, 831 S.E.2d at 557, 561, 564, 568.

¶ 18 Two years after Grady III, in Hilton, a case involving a defendant whose sex

 offenses fit the legal category of “aggravated,” our Supreme Court narrowly construed

 Grady III’s holding:

 [T]his Court held the SBM program to be unconstitutional
 as applied to the narrow category of individuals “who are
 subject to mandatory lifetime SBM based solely on their
 status as a statutorily defined ‘recidivist’ who have
 completed their prison sentences and are no longer
 supervised by the State through probation, parole, or post-
 release supervision.” State v. Grady (Grady III), 372 N.C.
 509, 522, 831 S.E.2d 542, 553 (2019) (footnote omitted).
 Our Grady III decision, however, left unanswered the
 question of whether the SBM program is constitutional as
 applied to sex offenders who are in categories other than
 that of recidivists who are no longer under State
 supervision.
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 State v. Hilton, 378 N.C. 692, 2021-NCSC-115, ¶ 2.3 Disregarding much of the

 reasoning provided in Grady III, in Hilton, our Supreme Court held “the SBM statute

 as applied to aggravated offenders is not unconstitutional” because the “search

 effected by the imposition of lifetime SBM on the category of aggravated offenders is

 reasonable under the Fourth Amendment.” Id. ¶ 36.4

¶ 19 Hilton does not remove the requirement of a reasonableness hearing

 altogether. As in cases challenging pre-trial searches as violating the Fourth

 Amendment, trial courts must continue to conduct reasonableness hearings before

 ordering SBM unless a defendant waives his or her right to a hearing or fails to object

 to SBM on this basis. See State v. Ricks, 378 N.C. 737, 2021-NCSC-116, ¶ 10 (“Absent

 an objection, the trial court was under no constitutional requirement to inquire into

 3 The Supreme Court has remanded several SBM decisions by this Court for
 reconsideration in lieu of Hilton’s interpretation of Grady III. See, e.g., State v. Anthony, 379
 N.C. 668, 865 S.E.2d 851 (2021) (remanding to this Court “to reconsider its holding in light
 of State v. Hilton, 378 N.C. 692, 2021-NCSC-115, 862 S.E.2d 806, and State v. Strudwick,
 2021-NCSC-127, 864 S.E.2d 231, as well as the General Assembly’s recent amendments to
 the satellite-based monitoring program”); State v. Cooper, 379 N.C. 669, 865 S.E.2d 855
 (2021) (same); State v. Gordon, 379 N.C. 670, 865 S.E.2d 852 (2021) (same); State v. Griffin,
 379 N.C. 671, 865 S.E.2d 849 (2021) (same); State v. O’Kelly, 379 N.C. 673, 865 S.E.2d 851
 (2021) (same).
 4 To date, the Supreme Court and this Court have applied Hilton’s per se

 reasonableness determination to SBM orders in cases where defendants have been convicted
 of an aggravated offense. See, e.g., State v. Strudwick, 379 N.C. 94, 2021-NCSC-127, ¶ 20
 (declining to follow Grady III and applying Hilton because the defendant was convicted of an
 aggravated offense); State v. McCauley, 2022-NCCOA-80, ¶ 10 (unpublished) (affirming the
 imposition of satellite-based monitoring for a period of ten years following an aggravated
 offender’s release from incarceration).
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 the reasonableness of imposing SBM.”).

¶ 20 Since the trial court imposed lifetime SBM in this case and Defendant objected

 on constitutional grounds, the trial court was required to consider whether the

 monitoring was constitutional under the Fourth Amendment. Grady I, 575 U.S. at

 310, 191 L. Ed. 2d at 462. Contrary to Defendant’s assertion, the record reveals the

 trial court grappled with North Carolina’s rapidly evolving jurisprudence on this

 issue, conducted a hearing regarding the facts and applicable law, and weighed the

 State’s interests against Defendant’s expectation of privacy. The trial court heard

 testimony from the State’s witness about Defendant’s 2002 sex offense conviction as

 evidence of his recidivism. It reviewed Defendant’s STATIC-99 assessment, which

 rated Defendant an “average risk” to reoffend. It further considered how Defendant’s

 prior sex offender registration had proved ineffective to deter his conduct or protect

 public safety. Finally, the trial court measured Defendant’s sex offender registry

 violations, including repeatedly going onto school property while registered. In

 particular, the trial court balanced Defendant’s “long-standing and persistent

 tendency” for sexual abuse, his disposition as a reoffender, and his sex offender

 registry violations, against the State’s interest in protecting the public from a

 recidivist sex offender. Following this fact-specific analysis, the trial court concluded

 SBM was reasonable as applied to Defendant.

¶ 21 We now review the trial court’s determination de novo. Gambrell, 265 N.C.
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 App. at 642, 828 S.E.2d at 750.

 2. Fourth Amendment Reasonableness Analysis in this Case

¶ 22 The trial court found Defendant was a recidivist. Because Defendant is a

 recidivist, the trial court was required to order Defendant to “enroll in satellite-based

 monitoring for the duration of his post-release supervision” and the duration of his

 natural life. N.C. Gen. Stat. §§ 15A-1368.4(b1)(6), 14-208.40A(c) (2019) (“If the court

 finds that the offender . . . is a recidivist, the court shall order the offender to enroll

 in a satellite-based monitoring program for life.” (emphasis added)). However, during

 the pendency of this appeal, our legislature amended the SBM statutes, in part, to

 create an avenue by which Defendant may petition a superior court to terminate his

 monitoring after ten years of enrollment. An Act . . . to Address Constitutional Issues

 with Satellite-Based Monitoring, S.L. 2021-138, § 18(i) (“If the petitioner has been

 enrolled in the satellite-based monitoring program for more than 10 years, the court

 shall order the petitioner’s requirement to enroll in the satellite-based monitoring

 program be terminated.” (emphasis added)) and S.L. 2021-182, § 2(e) (collectively to

 be codified at N.C. Gen. Stat. § 14-208.46). Therefore, we consider the reasonableness

 of Defendant’s SBM within the parameters of not only recent Supreme Court

 precedent but also the amended statutes.

 a. Intrusion upon Defendant’s Privacy Interests

¶ 23 An offender subject to post-release supervision has a diminished privacy
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 expectation. See Samson v. California, 547 U.S. 843, 844, 165 L. Ed. 2d 250, 254

 (2006) (“An inmate electing to complete his sentence out of physical custody remains

 in the Department of Corrections’ legal custody for the remainder of his term and

 must comply with the terms and conditions of his parole. The extent and reach of

 those conditions demonstrate that parolees have severely diminished privacy

 expectations by virtue of their status alone.”); Hilton, ¶ 29 (“SBM is clearly

 constitutionally reasonable during a defendant’s post-release supervision period.”);

 § 15A-1368.4(b1)(6) (mandating SBM as a condition of post-release supervision for

 recidivists). So SBM as a condition of Defendant’s 60-month period post-release

 supervision is constitutional. Cf. Grady III, 372 N.C. at 546, 831 S.E.2d at 569-70

 (“Our holding is as-applied in the sense that it addresses the current implementation

 of the SBM program and does not enjoin all of the program’s applications or even all

 applications of the specific statutory provision we consider here (authorizing lifetime

 SBM based on a finding that an individual is a recidivist) because this provision is

 still enforceable against a recidivist during the period of his or her State

 supervision[.]”).

¶ 24 Our Supreme Court’s decision in Hilton concluded that for aggravated

 offenders, “the imposition of lifetime SBM causes only a limited intrusion into [the]

 diminished privacy expectation.” Hilton, ¶ 36. Defendant is not in the same

 statutorily-defined category of “aggravated offender” as the offender in Hilton. And
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 because he has not completed his prison sentence and post-release supervision period,

 he does not fit neatly into Grady III’s limited category of “recidivist”5 not otherwise

 subject to State supervision in the form of imprisonment, post-release supervision,

 parole, or probation. See Grady III, 372 N.C. at 545, 831 S.E.2d at 568. Yet, because

 the trial court enrolled Defendant in SBM solely because of his status as a recidivist,

 we look to Grady III for guidance about the intrusion upon Defendant’s privacy

 interests.

¶ 25 Grady III held recidivists “do not have a greatly diminished privacy interest in

 their bodily integrity or their daily movements merely by being also subject to the

 civil regulatory requirements that accompany the status of being a sex offender. The

 SBM program constitutes a substantial intrusion into those privacy interests . . . [.]”

 Id. at 544-45, 831 S.E.2d at 568. As in Grady III, lifetime monitoring of Defendant

 in this case constitutes a substantial intrusion into his not greatly diminished privacy

 interests well beyond the period of his post-release supervision. However, the

 opportunity to be freed from monitoring after a period of ten years renders SBM,

 while still serious, something less than the “substantial intrusion” identified in Grady

 III.

 5 Amendments to the SBM statutes also replace “recidivist” with “reoffender,” defining

 a reoffender as, “A person who has two or more convictions for a felony that is described in
 G.S. 14-208.6(4).” S.L. 2021-138, § 18(b) (amending N.C. Gen. Stat. § 14-208.6 (2021)).
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 b. State’s Interests in SBM

¶ 26 Next, we consider the State’s interests in monitoring Defendant. In Hilton, the

 Supreme Court acknowledged the paramount purpose of the SBM program to protect

 the public from sex crimes, Hilton, ¶ 42, but it distinguished the State’s interest in

 monitoring recidivists from its interest in monitoring aggravated offenders:

 [W]e opined in Grady III that the State’s “interests [in
 protecting the public through SBM] are without question
 legitimate.” Grady III, 372 N.C. at 543, 831 S.E.2d at 568.
 There, however, our analysis applied only to the recidivist
 category. Id. at 522, 831 S.E.2d at 553. Notably, we made
 the following observation regarding the recidivist category:

 [l]ifetime monitoring for recidivists is
 mandated by our statute for anyone who is
 convicted of two sex offenses that carry a
 registration requirement. A wide range of
 different offenses are swept into this category.
 For example, a court is required to impose
 lifetime SBM on an offender who twice
 attempts to solicit a teen under the age of
 sixteen in an online chat room to meet with
 him, regardless of whether the person
 solicited was actually a teen or an undercover
 officer, or whether any meeting ever
 happened.

 Id. at 544, 831 S.E.2d at 568. Unlike the recidivist
 category, the aggravated offender category applies only to
 a small subset of individuals who have committed the most
 heinous sex crimes.

 Id. ¶ 21. The Court further explained, “after our decision in Grady III, the three

 categories of offenders who require continuous lifetime SBM to protect public safety
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 are (1) sexually violent predators, (2) aggravated offenders, and (3) adults convicted

 of statutory rape or a sex offense with a victim under the age of thirteen.” Id. ¶ 23

 (footnote omitted).

¶ 27 In this case, Defendant was convicted of committing sex offenses against a

 child under the age of thirteen. So we must follow the Supreme Court’s holding in

 Hilton that he requires continuous lifetime SBM to protect public safety. Id.

 c. Efficacy of SBM

¶ 28 Relying on the same study our General Assembly included as a legislative

 finding in its recent amendments to the State’s SBM program, the Supreme Court in

 Hilton relieved the State of its burden to demonstrate the efficacy of SBM in

 promoting the State’s interests on an individualized basis and concluded SBM is

 generally effective in reducing recidivism. Id. ¶ 28 (“These studies demonstrate that

 SBM is efficacious in reducing recidivism. Since we have recognized the efficacy of

 SBM in assisting with the apprehension of offenders and in deterring recidivism,

 there is no need for the State to prove SBM’s efficacy on an individualized basis.)”.6

 6 We note the tension between our Supreme Court’s reliance on a legislative finding

 in Hilton and the Court’s previous descriptions of legislative findings. See Hest Techs., Inc.
 v. State ex rel. Perdue, 366 N.C. 289, 294, 749 S.E.2d 429, 433 (2012) (opining that legislative
 findings “have no magical quality to make valid that which is invalid” (citation omitted));
 Martin v. N.C. Hous. Corp., 277 N.C. 29, 44, 175 S.E.2d 665, 673 (1970) (explaining legislative
 findings are entitled to limited deference in determining the constitutionality of legislative
 amendments). See also Jamie Markham, UNC Sch. of Gov’t, Revisions to North Carolina’s
 Satellite-Based Monitoring Law, (Oct. 11, 2021) https://nccriminallaw.sog.unc.edu/revisions-
 to-north-carolinas-satellite-based-monitoring-law/.
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

¶ 29 Hilton compels us to conclude that the State was not required to present

 further evidence of the efficacy of SBM monitoring in this case “because the SBM

 program serves a legitimate government interest.” Id. ¶ 29.

 d. Totality of the Circumstances

¶ 30 Considering the totality of the circumstances, we weigh SBM’s serious

 intrusion into Defendant’s not “greatly diminished privacy interest,” Grady III, 372

 N.C. at 543, 831 S.E.2d at 568, against the State’s paramount interest in protecting

 the public through lifetime monitoring of offender’s convicted of a sexual offense with

 a child under the age of thirteen and the declared efficacy of SBM in promoting those

 interests, Hilton, ¶¶ 23, 28, in the context of our recently amended and enacted SBM

 statutes. We are compelled by the Supreme Court’s holding in Hilton to hold the

 search of Defendant as imposed is reasonable and therefore constitutional under the

 Fourth Amendment. We affirm the trial court’s order in this regard.

 C. Trial Court’s Authority to Order a Second Reasonableness Hearing

¶ 31 Defendant also contends the trial court was without statutory authority and

 jurisdiction to order Defendant to appear for a second SBM hearing after completing

 his prison sentence. We agree, in part.

¶ 32 Assuming arguendo Defendant is aggrieved by this portion of the trial court’s

 order, our “SBM statutes do not provide for reassessment of [a] defendant’s SBM

 eligibility based on the same reportable conviction, after the initial SBM
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

determination is made based on that conviction.” State v. Clayton, 206 N.C. App. 300,

305-06, 697 S.E.2d 428, 432 (2010). Section 14-208.40A of our General Statutes

provides:

 (a) When an offender is convicted of a reportable conviction
 as defined by G.S. 14-208.6(4), during the sentencing phase,
 the district attorney shall present to the court any evidence
 that (i) the offender has been classified as a sexually violent
 predator pursuant to G.S. 14-208.20, (ii) the offender is a
 reoffender, (iii) the conviction offense was an aggravated
 offense, (iv) the conviction offense was a violation of G.S.
 14-27.23 or G.S. 14-27.28, or (v) the offense involved the
 physical, mental, or sexual abuse of a minor.

 ...

 (c) If the court finds that the offender has been classified as
 a sexually violent predator, is a reoffender, has committed
 an aggravated offense, or was convicted of G.S. 14-27.23 or
 G.S. 14-27.28, the court shall order the offender to enroll in
 a satellite-based monitoring program for life.

N.C. Gen. Stat. § 14-208.40A (a),(c) (2021) (emphasis added). Section 14-208.40B

provides a different mechanism for the trial court to hold an SBM hearing only when

there is no previous determination that the offender enroll in SBM. Id. § 14-

208.40B(a) (2021) (“When an offender is convicted of a reportable conviction as

defined by G.S. 14-208.6(4), and there has been no determination by a court on whether

the offender shall be required to enroll in satellite-based monitoring . . . .”) (emphasis

added)); see also State v. Kilby, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432-33 (2009)

(holding Section 14-208.40B(a) “applies in cases in which the offender has been
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 convicted of an applicable conviction and the trial court has not previously

 determined whether the offender must be required to enroll in SBM”).

¶ 33 Here, the trial court ordered Defendant enroll in SBM during the sentencing

 phase pursuant to Section 14-208.40A based on his reportable 10 February 2020 sex

 offense convictions. The trial court did not have statutory authority to require

 another reasonableness hearing at the end of Defendant’s active sentence or make a

 second eligibility determination by the mechanism provided in Section 14-208.40B

 based on those same convictions. Clayton, 206 N.C. App. at 305-06, 697 S.E.2d at

 432.

¶ 34 However, SBM is a “civil, regulatory scheme,” State v. Bowditch, 364 N.C. 335,

 352, 700 S.E.2d 1, 13 (2010), and the trial court maintains continuing jurisdiction

 over its civil actions. N.C. Gen. Stat. § 7A-20 (2021) (“[O]riginal general jurisdiction

 of all justiciable matters of a civil nature cognizable in the General Court of Justice

 is vested in the aggregate in the superior court division and the district court division

 as the trial divisions of the General Court of Justice.”). The trial court also retains

 authority to modify its own civil judgments. See Hilton, ¶ 34 (“Since the SBM

 program is civil in nature, the North Carolina Rules of Civil Procedure govern. As

 such, a defendant may also seek removal of SBM[.]” (citing N.C. Gen. Stat. § 1A-1,

 Rule 60(b)(6) (2019)). For example, as noted above, the legislature has created an

 avenue by which an offender who has been enrolled in SBM for a period of more than
 STATE V. CARTER

 2022-NCCOA-262

 Opinion of the Court

 ten years may petition the superior court to have their monitoring terminated. S.L.

 2021-138, § 18(i) and 2021-182 § 2(e) (to be codified at § 14-208.46).

¶ 35 We vacate the portion of the trial court’s order requiring a second

 reasonableness hearing after Defendant’s release. Our holding does not otherwise

 affect the trial court’s continuing authority to amend or modify its own orders or

 Defendant’s ability to petition the trial court for modification or termination pursuant

 to our statutes.

 III. CONCLUSION

¶ 36 For the reasons set forth above, we affirm the trial court’s SBM order in part

 and vacate the portion which orders a second SBM hearing after Defendant’s release.

 AFFIRMED IN PART; VACATED IN PART.

 Chief Judge STROUD and Judge GORE concur.